BRIN *v.* MICHALSKI.

**1.** SPECIFIC PERFORMANCE—LAND CONTRACT—TENDER—EVIDENCE.

In an action for specific performance of a land contract, evidence by complainant, that, on a certain date within the time limited in the contract, she, in presence of defendants, counted out the money to defendants' attorney, and requested him to make out the necessary papers; that he offered the money to defendants and explained to them what it was for and complainant's purpose in tendering it to them; that they refused to accept it, and repudiated the contract on the ground that they had been offered more money for the property, corroborated by defendants' attorney and another witness who was present when the offer was made, is sufficient to establish the fact that tender was timely made, and complainant not in default in any respect, notwithstanding defendants' denial of the offer.

**2.** SAME—ADEQUATE REMEDY AT LAW.

A decree for specific performance of a land contract will be affirmed, even though complainant has an adequate remedy at law for damages.

**3.** SAME—LAND CONTRACT—POSSESSION—VALIDITY.

It is no objection to the validity of a land contract that a stipulation as to possession is omitted from its provisions, as the law provides that possession remains with the vendor until full performance and receipt of deed by the vendee.

**4.** SAME—LAND CONTRACT—DEFINITENESS—PROVISIONS.

While provisions as to defeasance, insurance, repairs, and payment of taxes might properly have been included, they are not essential to the validity, or decree for specific performance, of a land contract, where said agreement is definite as to parties, property, consideration, terms, and time of performance.

**5.** ASSIGNMENTS—LAND CONTRACT—RIGHT OF ACTION.

The assignee of a vendee's interest in a land contract, which contained no restrictions against selling and assigning his rights thereunder, succeeded to all his rights and could

sue in her own name for specific performance, or, if performance was impossible, for damages.

6. VENDOR AND PURCHASER—LAND CONTRACT—OWNERSHIP OF LAND SOLD—VALIDITY—DAMAGES.

A land contract would be equally valid if the vendor had no title to the property nor ability to secure one, though, if the latter were shown, the only remedy would be an action for damages.

7. SPECIFIC PERFORMANCE—EVIDENCE—ABILITY TO PERFORM.

Where the evidence shows that it is within the power of defendants to perform, a decree for specific performance of a land contract will be affirmed, although they do not hold legal title to the property.

Appeal from Wayne; Mandell, J. Submitted June 22, 1915. (Docket No. 96.) Decided September 29, 1915. Rehearing denied December 22, 1915.

Bill by Frances V. Brin against Dominik Michalski and another, for the specific performance of a land contract. From a decree for complainant, defendants appeal. Affirmed.

*Beckenstein & Wienner* (*William Friedman*, of counsel), for complainant.

*August Cyrowski*, for defendants.

STEERE, J. This bill was filed to compel specific performance of the following land contract which complainant holds as assignee through mesne conveyances from the original contractee:

"$50.00          DETROIT, MICH., June 19, 1912.

"Received of Sam Feldman the sum of fifty dollars, being part payment of purchase price of five thousand four hundred ($5,400.00) dollars for house and lot situated Nos. 347 and 349 north side of Alexandrine Avenue E., Detroit, Michigan. The balance of five thousand three hundred and fifty ($5,350.00) dollars to be paid as follows: The above-named Sam Feldman is to pay nine hundred and fifty ($950) dollars within

thirty days from date hereof, and receive a land contract for the payment of one thousand dollars, which includes the above payment, and the balance of four thousand four hundred ($4,400.00) dollars within five years from the date of the land contract, in semi-annual payments of $100.00 or more, to apply on the principal, with interest thereon at the rate of six per cent. per annum, payable semi-annually. The undersigned Dominik Michalski and Anna Michalski, his wife, are to mortgage the above-described premises for the sum of two thousand one hundred ($2,100.00) dollars.

> "Dominik Michalski,
> "Anna Michalski,
>                     "Owners.
> "Sam Feldman,
>                     "Purchaser.

"In presence of B. F. Domzalski."

The bill alleges tender of full performance by her within the time limit, demand for performance by defendants and refusal on their part, makes proffer to deposit the stipulated price with the court, and asks:

"That the said defendants, Dominik Michalski and Anna Michalski, may be decreed to execute, acknowledge, and deliver to your oratrix a good and sufficient land contract of said described premises, in accordance with the terms and conditions in said contract mentioned and set forth, accept and receive therefor the sum of five thousand four hundred dollars ($5,400) in the manner specified in the aforesaid contract, and that your oratrix may have such other and further relief as the nature of this case may require, and as shall be agreeable to equity and good conscience."

Defendants' answer denies that any offer of performance or tender was ever made them within the time specified in the contract by complainant or any one in her behalf, avers that all matters of complaint alleged in said bill are triable in an action at law, and therefore claims the benefit of a demurrer, and asks that her bill be dismissed.

The contract was drafted by Mr. Domzalski, an attorney who represented defendants in the transaction and signed as subscribing witness. After preparing the instrument he read it to them, translating and explaining its nature and terms to them in the Polish language, which they best spoke and understood. They expressed themselves as satisfied, accepted the first payment of $50 from Feldman, and signed the agreement. No claim is made of inadequacy of price, fraud, undue advantage, or misunderstanding, or that the instrument failed in any particular to express the terms of the bargain as made.

Feldman soon sold and assigned his contract to one Leon Van Vliet, at the same time giving with the contract a quitclaim deed of his interest in the property described in it. Van Vliet shortly thereafter in like manner assigned the contract and quitclaimed his interest to complainant, Frances V. Brin, his sister. Defendants had some time previous purchased this property with deferred payments, and held it by a land contract from one Anton Skotzke, who yet had the fee title, subject to their contract, upon which payments had been regularly made and which was not in default. Their contract from Skotzke contained no restrictions against selling and assigning their rights under it; nor any obstructing provisions which would prevent them from carrying out the terms of their contract with Feldman.

The case was heard upon pleadings and proofs taken in open court. On conclusion of the hearing the trial court rendered a decree granting specific performance of said contract according to its terms and as prayed for in complainant's bill.

The substance of the testimony introduced by complainant is that on July 12, 1912, she called up defendants, accompanied by a Mr. Zack, who knew the parties and was present in Domzalski's office when they gave

the contract to Feldman, and talked with them about the contract, telling them she proposed to buy the property; that Michalski replied it made no difference who bought the property, and it was all right; that she soon thereafter, on July 17th or 18th, called upon defendants at their home to pay them the $950 which the contract provided should be paid "within thirty days from the date hereof," and upon being informed of her mission, they told her to go to their lawyer, Mr. Domzalski, which she did, and there met with him and them in his office; that she told him to make out the necessary papers and counted out to him the full amount of $950 as payment upon the contract, which he then offered to defendants, explaining fully to them what it was for, her purpose in tendering it to them, and her request that they comply with the terms of the agreement. They refused to accept the tender, and repudiated the contract on the ground, as she claims, that they were offered more money for the property. On July 19, 1912, she personally served written notice upon defendants, describing the contract and assignments under which she acquired Feldman's rights, stating that she was yet ready and willing to perform, desired to close the transaction at once, requesting that she be advised by July 24, 1912, whether they would accept payment and perform on their part. Upon their again refusing, this bill for specific performance was prepared and soon filed.

The only issue of fact raised by defendants' evidence was tender of payment within the contract time. They were the only witnesses in support of their denial of tender. Their testimony is so inconsistent, conflicting, and completely overwhelmed by distinct and direct evidence, both oral and written, to the contrary, as to call for little consideration. Finding no fault with the contract itself, and expressing themselves as ready to accept payment if offered within the specified time, and

in such case perform on their part, they testified that no offer of payment or tender of any kind was ever made them, although they waited in receptive expectation for months after the time had expired. Both testified that complainant did not come to their house and offer payment. Dominick stated she once "said she would pay next week, and I waited two or three months, and I got not a penny." His wife, Anna, the other defendant, testified that they waited for complainant until November; that they were told to go to their attorney's office to get their money on two different dates, July 18th and 24th, and went each time, but no one was there and they never got their money. Mr. Domzalski, their then attorney, does not represent them in this case, and declined to support their testimony, but, when called as a witness and interrogated, frankly confirmed the circumstances of the tender in his office as related by complainant, and Zack, who was also present in the office, testified that he saw the money laid on the table, heard complainant ask Domzalski to make out the papers and defendants' refusal, when the money was offered them, Michalski saying he was offered more money for the property. Defendants make no explanation or denial of the written demand received by them on July 19th, or their refusal in that connection. This bill was filed on August 24th, process served on them August 30th, and their appearance entered September 4, 1912. We fully agree with the conclusion of the trial court that tender was timely made, and complainant not in default in any respect.

Upon the legal aspect of the case it is contended, as obstacles to decreeing specific performance, that complainant has an adequate remedy at law; the terms of the contract are not certain and definite, and present no mutuality of consideration and remedy. Of the remedy it is sufficient to note that the subject-matter of this agreement is an interest in land, and

it does not depend upon the inadequacy of legal remedy. 36 Cyc. p. 552.

It is pointed out by counsel that this is not a contract to convey, but a contract to enter into a contract to sell real estate, and does not contain sufficient, definite, and certain provisions essential to directing specific performance of a contract of that nature, in the particulars that no mention is made of defeasance, insurance, repairs, payment of taxes, and, most important of all, possession.

As to the omission pointed out as "the most important agreement of them all" in a land contract, the law provides that, where such stipulation is omitted, possession remains with the vendor until full performance and receipt of deed by the vendee. *Druse* v. *Wheeler*, 22 Mich. 439; *Gault* v. *Stormont*, 51 Mich. 636 (17 N. W. 214) ; *Way* v. *Root*, 174 Mich. 418 (140 N. W. 577). While the omissions pointed out properly may be and often are guarded by express provisions in contracts for sale of real estate, as the conditions of the property and desire of parties may suggest, they are not essential to the validity or decree for performance of a contract. This agreement contains the essential elements of a contract, and is certain and definite so far as it goes. The parties, property, consideration, terms, and time of performance are clearly stated.

That complainant on receiving an assignment of Feldman's contract succeeded to all his rights and could sue in her own name for specific performance, or, if performance was impossible, for damages, there can be no question. 36 Cyc. pp. 758, 759. The agreement would be equally valid if the vendor had no title to the property nor ability to secure one, though, if the latter were shown, the only remedy might be an action for damages.

It is true in this case that defendants do not, or did not, hold legal title to the property, but they have the

legal right to acquire it. They not only plant their defense on other grounds, but it is shown to be within their power to obtain title and perform. They held the property under a land contract, the full consideration for which was $1,700, and upon which over $1,000 had been paid at the time of the hearing. A tender of $950 was made them by complainant under her agreement calling for a contract from them which might run five years, and under their contract with Skolzke they could pay him in full in 1913 and secure their title to the property.

We are of opinion that the equities of the case and the law entitle complainant to the relief granted.

The decree is affirmed, with costs.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, and MOORE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.