HANNAN REAL ESTATE EXCHANGE *v.* LEVIN.

1. VENDOR AND PURCHASER—VENDEE ENTITLED TO POSSESSION ONLY ON FULL PERFORMANCE.

   A contract for a deed containing no stipulation as to the time when the vendee might occupy the premises, is construed as entitling him to possession only on full performance by him and receipt of his deed.

2. BROKERS—COMMISSIONS—LISTING CONTRACT—OFFER—VARIANCE.

   Where a listing contract was silent as to possession, an offer to enter into a contract to purchase providing the purchaser should have possession on the "date of closing," *held*, a material variance from the listing agreement, justifying the owner in refusing to accept the offer and pay the commission.

3. SAME—PAYMENTS IN OFFER LARGER THAN LISTING A VARIANCE.

   Where a listing contract provided the payments should be one per cent. a month, an offer providing for payments of one per cent. a month and more, *held*, a material variance from the listing agreement, justifying the owner in refusing to accept the offer and pay the commission.

4. SAME—BROKER MAY NOT REPRESENT BOTH BUYER AND SELLER WITHOUT LATTER'S CONSENT.

   In an action against the seller by a real estate broker for

224—Mich.—9.

a commission claimed to have been earned by securing a purchaser, a finding by the court below that the broker was representing the buyer as well as defendant without the latter's knowledge or consent, and therefore was not entitled to recover, *held*, supported by the record.

Error to Wayne; Marschner (Adolph F.), J. Submitted June 12, 1923. (Docket No. 37.) Decided July 19, 1923.

Assumpsit by the Hannan Real Estate Exchange against Maurice J. Levin and another for commissions on the sale of real estate. Judgment for defendants on a directed verdict. Plaintiff brings error. Affirmed.

*Colombo, Colombo & Colombo,* for appellant.

*George E. Brand,* for appellees.

BIRD, J. Defendants, with one J. Wolfson, were the owners of numbers 1062 and 1064 Oakland avenue, in the city of Detroit. Defendants placed the same with plaintiff for sale and signed the following listing card:

"In consideration of your agreement to list the herewith described property on the books of the Hannan Real Estate Exchange, and to use your efforts or the efforts of your agents to find a purchaser thereof, I hereby grant you the exclusive right for............ from date hereof, and thereafter until you receive from me a written notice terminating this agreement to sell, viz.: Thirty days, for the sum of sixty thousand dollars, payable $15,000 cash and 1% Mo. or upon any other price, terms or exchange to which I consent.

"If said property is sold before the expiration of this agreement, or if it be sold within three months after such expiration to any person with whom you have negotiations, I agree to pay you the Detroit Real

Estate Board commission.    In the event of such sale
I will execute and deliver to said purchaser the proper
conveyants [conveyance] for said property with full
covenants of warranty, except.....................
"I represent the title of said property to be good,
and will furnish a merchantable abstract (opinion) of
title of the same, certified to date, including tax
history.

"M. J. LEVIN,<br>"A. J. LEVIN.

"Dated at Detroit,
    June 29, 1920.
"J. B. KENNEY,
"J. NORTHRUP,
    Member of Hannan Real Estate Exchange."
        (Then follows description of property).
    "Price, 60,000; terms, 15,000.
Car line, Oakland.
Owner, M. J. Levin, A. J. Levin, J. Wolfson.
Telephone No. H-1463.
Listed by Kenney-Northrup.
Date, 6-29-20.
                    "HANNAN REAL ESTATE EXCHANGE.
    "In the event you secure a purchaser for the above
described property at the price stated, or at any other
price and terms agreeable to me, I will pay you the
Detroit Real Estate Board commission of three per
cent. (3%) of said price, and you are hereby author-
ized to place a 'For Sale' sign on said property and
to remove all other signs."

    After listing the property plaintiff advertised it in
the daily papers and received a bid from J. M. Feier-
stein for $55,000.    Later he raised it to $58,000, and
finally made a written offer to purchase the property
at $60,000.    Defendants declined to accept this offer
and plaintiff brought this suit to recover its commis-
sions reserved in the listing agreement.
    Defendants set up several defenses under the gen-
eral issue, and a trial of the matters was had.    At
the close of plaintiff's proof both parties moved for
a directed verdict.    The trial court granted defend-

ants' motion on the grounds that: (*a*) Feierstein's offer was not in accordance with the listing contract. (*b*) Plaintiff, having acted as agent for the buyer, without the knowledge or consent of defendants, it could not recover commissions from defendants.

Some of the respects in which it is claimed the written offer differed from the listing agreement were:

1. The listing agreement made no reference to the question of possession. The written offer provided the buyer should have possession on "the date of closing." The defendants claim this is a material variance from the listing agreement and justified them in refusing to accept the offer and pay the commission. This court, on several occasions, has held that:

"The contract for a deed containing no stipulation as to the time when the vendee might occupy the premises, is construed as entitling him to possession only on *full* performance by him and receipt of his deed. *Druse* v. *Wheeler*, 22 Mich. 439; *Gault* v. *Stormont*, 51 Mich. 636; *Way* v. *Root*, 174 Mich. 418."

See, also, *Brin* v. *Michalski*, 188 Mich. 400; *Barton* v. *Molin*, 219 Mich. 347.

Plaintiff's counsel cite several cases in which a recovery was permitted where the contract was silent as to possession. We think it will be found that in those cases the question was not raised or litigated. In any case where the question has been squarely before the court we know of no departure from the foregoing authorities.

2. The contract of listing provided the payments should be one per cent. a month. The offer provided for one per cent. per month and *more*. This is also declared as a variance. Counsel's claim appears to be supported by *Sharrar* v. *Nestle*, 222 Mich. 538.

3. It is claimed by counsel that plaintiff's letter to defendants showed that it was representing the buyer

as well as them, and that this was without their knowledge or consent. The trial court was impressed with this claim and assigned this as one of the reasons for directing a verdict for defendants. We have examined the record with reference to this claim and find support in the testimony for this holding.

There are other matters of variance which have been called to our attention, but we think it is without profit to pursue them further. The variances herein noted were material and were ample justification for defendants' refusal. The trial court reached the conclusion that the offer was not in accord with the listing agreement and we agree with that conclusion.

The judgment is affirmed.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.