JANISZEWSKI *v*. SHANK.

1. SPECIFIC PERFORMANCE—LAND CONTRACTS—FRAUD.

In a suit for the specific performance of a land contract, defendant's claim that her signature thereto was obtained through fraud and misrepresentation, *held*, not supported by the record, which shows that she had previously voluntarily and in writing authorized a real estate broker to sell the property for the same consideration and on the same terms which were contained in the contract in issue.[1]

2. SAME—ADEQUATE REMEDY AT LAW.

Specific performance of a land contract may be granted to the vendee, although he has an adequate remedy at law in an action for damages, since the remedy, where the subject-matter of the agreement is an interest in land, does not depend upon the inadequacy of legal remedy.[2]

3. FRAUDS, STATUTE OF—VENDOR AND PURCHASER—LAND CONTRACTS —DESCRIPTION.

A contract for the sale of land is not void, under the statute of frauds, because it fails to state the county and State in which the property is situated, where reference therein was made to an abstract which was to be furnished, and later was furnished, by the vendor, which contains a complete description.[3]

4. SPECIFIC PERFORMANCE—FAILURE TO SPECIFY INTEREST OR DATE OF POSSESSION.

Failure to specify the rate of interest or the date of possession does not invalidate a contract for the sale of land.[4]

Appeal from Wayne; Smith (Guy E.), J., presiding. Submitted December 3, 1924. (Docket No. 56.) Decided April 3, 1925.

Bill by Stanislaw Janiszewski against Mary Shank

[1]Specific Performance, 36 Cyc. p. 786 (1926 Anno); [2]Id., 36 Cyc. p. 552; [3]Frauds, Statute Of, 27 C. J. § 324; Specific Performance, 36 Cyc. p. 592; [4]Specific Performance, 36 Cyc. pp. 590, 598.

and another for the specific performance of a land contract.     Defendants filed a cross-bill to set aside said contract.     From a decree for defendants, plaintiff appeals.     Reversed, and decree entered for plaintiff.

*Thomas W. Thompson (Butzel, Levin & Winston and A. J. Levin, of counsel), for plaintiff.*

*Anthony Nelson, for defendants.*

McDONALD, C. J.     The purpose of this bill is to enforce specific performance of the following land contract:

"June 9, 1919.
"This is to certify that Stanley Janiszewski has paid two hundred ($200) dollars as a deposit on two store building known as the store at 2259-2261 Jos. Campau ave., village of Hamtramck.     The price $14,500.00. $4,500.00 must be paid when the abstract brought up to date showing merchantable title.     The balance is to be paid in five years.     $350.00 every six months in interest.
(Signed) "MARY SHANK,
           "STANISLAW JANISZEWSKI.
"Witness. JOSEF JANISZEWSKI,
           "JOHN STONERT."

The plaintiff claims that he secured the abstract about July 22, 1919, and that it showed a conveyance of the premises from Mary Shank to Edmund Shank, her son, on the 8th of June, 1919, which was recorded on the 13th of June, 1919; that he went to see Mary Shank and asked for an explanation of this deed, and was informed that she had changed her mind and had deeded the property to her son; that he tendered her the amount due, but that she declined to accept it and refused to perform the contract.     The sale was made to the plaintiff through a real estate broker, John Stonert, who had a written authorization to sell on

the terms mentioned in the above memorandum. The defendant Mary Shank admits having signed the contract, but says that her signature was obtained through undue influence, fraud and misrepresentation; that as soon as she discovered the fraud she repudiated the transaction and tendered a return of the initial deposit. In further defense to the action she says that the written memorandum of the contract does not sufficiently describe the premises as to comply with the statute of frauds, and that it is incomplete in this that it makes no provision for delivery and fails to state the rate of interest. The defendants filed an answer and cross-bill in which they asked that the contract of sale be canceled, and that Edmund Shank be decreed to be the owner of the property. On the hearing the circuit judge found that the defendants' claim of fraud and undue influence was established by the evidence, and that in any event the plaintiff had an adequate remedy at law, and therefore declined to grant specific performance of the contract. From the decree entered dismissing the bill the plaintiff has appealed.

The first question presented is whether the evidence supports the defendants' claim that the signature of Mary Shank to the contract was obtained by fraud. We are unable to agree with the conclusion of the circuit judge that Mary Shank's signature to the contract was obtained by "undue influence and misrepresentation amounting to fraud." The defendants' theory as stated in their cross-bill was that the property belonged to the son Edmund Shank, and that defendant, Mary Shank, had been fraudulently induced to sign the contract on the representation and in the belief that it was merely her written consent that her son might sell it. On the hearing this theory was abandoned and it was there claimed that the property belonged to Mary Shank, and that she signed the

contract on the representation that it was merely a receipt for $200, which she was to return on the following morning if her son disapproved of the sale.

In determining the question of fraud it is a significant fact that the contract in question contained the identical consideration and terms which were contained in the written sales agreement between Mary Shank and John Stonert, her agent. In other words, she had previously voluntarily and in writing authorized John Stonert to sell the property for the same consideration and on the same terms which were contained in the contract to which she claims her signature was fraudulently obtained. This sales agreement was not attacked in any particular during the hearing. It seems to have been voluntarily made by Mary Shank. It shows beyond question that, before the plaintiff came to her to secure a contract, she was willing to take $14,500 for the property, and it strongly tends to negative her claim of fraud. In *Brennen* v. *Zehner*, 97 Mich. 98, the court had under consideration whether the signature to a certain deed had been fraudulently obtained. It was said:

"If the execution of the deed was in line with a purpose previously entertained, and its effect was simply to carry out an agreement previously made, the fact goes far toward negativing the alleged fraud."

In addition to the contradictory effect of the sales agreement, we are strongly impressed with the credibility of the witness, Mrs. Sosnowski, who testified that, a few days after the contract in question was signed, Mary Shank told her that Mr. Stonert had sold the property and that she had received $200 in cash on it; that this statement was made while Mrs. Shank was visiting at her home; that while she was still there Mr. Kolowich came and talked with her, after which she told Mrs. Sosnowski that she had to break the deal because she could get $2,000 more for

the property by letting Mr. Kolowich sell it for her. Mrs. Sosnowski and Mrs. Shank were long time friends. Mrs. Sosnowski lived in the country, and Mrs. Shank was in the habit of visiting her for weeks at a time. We are impressed with the truthfulness of Mrs. Sosnowski's testimony. The evidence is convincing that the claim of fraud which the defendants urge in this case was an afterthought, and that the deed to Edmund Shank was not made until after the contract was signed, and with the evident purpose of complicating the situation by placing a cloud upon the title to the property.

A further objection to the granting of specific performance of this contract is, that the plaintiff has an adequate remedy at law. This question is controlled by *Mier* v. *Hadden,* 148 Mich. 488 (12 Ann. Cas. 88, 118 Am. St. Rep. 586), and *Brin* v. *Michalski,* 188 Mich. 400, in which the same defense was urged. In the latter case the court said:

"Of the remedy it is sufficient to note that the subject-matter of this agreement is an interest in land, and it does not depend upon the inadequacy of legal remedy."

Again it is claimed that the contract cannot be enforced because it is void under the statute of frauds, in that it does not specify the county and State in which the premises are located, and does not state the rate of interest. It is true that the contract does not designate in what county or State the village of Hamtramck is situated, but it will be noted that reference was made to an abstract which the vendor agreed to furnish and which she did furnish. This abstract contained a complete description of the property from which it could be definitely identified. Nothing was left to rest in parol. The description was sufficiently definite to satisfy the statute of frauds. *Beltsman* v. *Sherman,* 224 Mich. 347.

230—Mich.—13.

The further contention is made that the contract is incomplete and cannot be specifically enforced because the rate of interest and date for delivery of possession are not stated.    Failure to specify the rate of interest or the date of possession does not invalidate the contract.    *Polczynski* v. *Nowicki*, 227 Mich. 415; *Elbom* v. *Pavsner*, 225 Mich. 213.

No other questions call for discussion.    The plaintiff is entitled to specific performance of the contract.

A decree will be entered in this court in accordance with this opinion.    The plaintiff will have costs.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.