EMMONS *v.* STATE LAND OFFICE BOARD.

1. TAXATION—SCAVENGER SALE—POSSESSION—MATCHING HIGH BID.
   Under the statute creating the State land office board and pro-
   viding for the so-called scavenger sale of lands to which the
   State has acquired absolute title through nonpayment of
   taxes, the fact that land sold at such sale immediately be-
   came subject to taxation would not entitle purchaser to im-
   mediate possession in view of statutory provisions affording
   former owners 30 days in which to match the high bid and
   affording taxing unit an additional 15 days to acquire the
   property (Act No. 155, § 7, Pub. Acts 1937, as amended by
   Act No. 244, Pub. Acts 1939).

2. SAME—SCAVENGER SALE—POSSESSION—LAND CONTRACT—DELIV-
   ERY.
   Bidder at so-called scavenger sale of land to which State had
   acquired absolute title through nonpayment of taxes, who, in
   order to obtain a land contract, signed an application wherein
   it was provided his rights were subject to rules and regula-
   tions of State land office board, which had promulgated a rule
   that no bidder or purchaser would be entitled to possession of
   any property until delivery of the deed or land contract, would
   not be entitled to possession until delivery of such land
   contract (Act No. 155, § 7, Pub. Acts 1937, as amended by
   Act No. 244, Pub. Acts 1939).

3. SAME—SCAVENGER SALE—RENT—POSSESSION—DELIVERY OF DEED
   OR LAND CONTRACT.
   Bidder for property at so-called scavenger sale of land to which
   State had acquired absolute title through nonpayment of
   taxes, who had theretofore been renting such property from
   the State, was not entitled to recover rent which State land
   office board had required him to pay for occupancy after
   bid had been made before it would deliver land contract for
   which he had applied, where under the board's rules the
   bidder was not entitled to possession until delivery of a deed

or contract of purchase (Act No. 155, § 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939).

4. SAME—STATE LAND OFFICE BOARD—RULES AND REGULATIONS.
   The State land office board has a right to make reasonable rules and regulations (Act No. 155, § 11, Pub. Acts 1937).

5. CONSTITUTIONAL LAW—ADMINISTRATIVE RULE-MAKING POWER.
   A legislative grant of administrative rule-making power is proper.

6. TAXATION—STATE LAND OFFICE BOARD—RULES—POSSESSION.
   A rule of the State land office board that a bidder or purchaser at the so-called scavenger sale would not be entitled to possession of property until delivery of deed or land contract is not arbitrary, capricious or unreasonable as interest on the land contract would not begin until it was executed and unless some provision by rule or contract be made the purchaser would not have been entitled to possession until he had paid for it although it was subject to taxation after date of the bid (Act No. 155, §§ 7, 11, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939).

7. VENDOR AND PURCHASER—POSSESSION.
   The right of a purchaser under a land contract to possession does not become operative until full payment of the purchase price unless the contract provides otherwise.

8. COSTS—PUBLIC QUESTION—SCAVENGER SALE—RENT—LAND CONTRACT.
   No costs are allowed in action to recover rent paid under protest to State land office board for occupancy of premises after petitioner had made a bid at the so-called scavenger sale that was required to be paid by the board before delivery of the land contract, a public question being involved (Act No. 155, §§ 7, 11, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939).

Appeal from Court of Claims; Moynihan (Joseph A.), J., presiding. Submitted April 13, 1943. (Docket No. 55, Calendar No. 42,345.) Decided May 18, 1943.

Claim by Harold H. Emmons, Jr., against State of Michigan and State Land Office Board to recover alleged overcharge for rental of property sold to

plaintiff. Claim allowed. Defendants appeal. Reversed.

*Harold H. Emmons, Sr.,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Meredith H. Doyle* and *Elbern Parsons,* Assistants Attorney General, for defendants.

Butzel, J. The State became the owner of a 30-acre parcel of land in Oakland county on May 6, 1941, the date of the expiration of the period of redemption from the annual tax sale of May, 1940, at which certain property was bid in by the State for back taxes. Plaintiff, a former title holder, but a stranger to the title after it passed to the State, rented the property from the State for the period commencing May 6, 1941, at a rental of $175 per month. On January 20, 1942, the property was offered at "scavenger" sale. Plaintiff bid in the property for the sum of $2,750. The rent had been paid by plaintiff to February 6, 1942. On February 18, 1942, plaintiff received from the Pontiac office of the State land office board notice that others alleging that they were the former owners under the statute had attempted to match plaintiff's bid. On February 23d, plaintiff conferred with a representative of the alleged former owners and prevailed upon him to withdraw his bid. When plaintiff made his bid on February 6, 1942, he received a memorandum of sale and an owner's application for land contract in which it was stated that the purchaser's rights were subject to the provisions of Act No. 155, Pub. Acts 1937, as amended, and the rules and regulations of the State land office board. A contract of purchase of land between the State

land office board and the plaintiff was entered into on April 21, 1942. A short delay was caused because the board refused to issue a contract until the rent amounting to $262.35 was paid up to March 21, 1942. Plaintiff paid the latter sum under protest and brought suit in the court of claims to recover this amount. He claimed that he should not have been called upon to pay rent after he made his bid for the property and it was struck off to him. The court rendered a judgment for the amount claimed by him. Defendants appeal.

Plaintiff bases his claim on *Wilson* v. *City of Pontiac,* 294 Mich. 79, in which we construed section 7 of Act No. 155, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3723–7, Stat. Ann. 1940 Cum. Supp. § 7.957). It provides that the land sold should be immediately subject to taxation. We held that the word "immediately" referred to the time of the sale and

"The expression 'disposed of under contract or deed' following the phrase 'all such lands' in the second paragraph of section 7 is only descriptive of the lands for which bids have been accepted in accordance with the preceding paragraph of this section."

Plaintiff contends that as the property immediately became subject to taxes after the time the bid was made that the successful bidder thereupon became entitled to immediate possession of the property. This is a *non sequitur.* Under the law the parties claiming to be the owners have 30 days in which to match the bid, and then an additional 15 days must elapse during which the county, township, city, village, school district or other taxing unit in which said lands are located may acquire the property. Plaintiff knew, when he made his bid, that the

property would be subject to taxation from that time on. To obtain a land contract, he signed an application in which it was expressly provided that his rights were subject to the rules and regulations of the State land office board. One of these rules was to the effect that no bidder or purchaser would be entitled to possession of any property until delivery of the deed or land contract. The board had a right to make reasonable rules and regulations.* A grant of administrative rule-making power is proper. *Shivel* v. *Kent County Treasurer*, 295 Mich. 10. The rule was not arbitrary, capricious or unreasonable. Interest on the land contract would not begin until the land contract was executed. Without some provision by rule or in the contract, plaintiff would not have become entitled to possession of the property until he paid for it and it would be subject to taxes levied after the date of the bid. The general rule is that unless the contract provides for possession, the right of a contract purchaser to possession does not become operative until full payment of the purchase price. *Polczynski* v. *Nowicki*, 227 Mich. 415.

Judgment reversed, but without costs, as a public question is involved.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.

---

* See Act No. 155, § 11, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 3723-11, Stat. Ann. 1942 Cum. Supp. § 7.961).—REPORTER.