ROSENTHAL v. SHAPIRO.

1. SPECIFIC PERFORMANCE—OPTION IN LEASE.

Lessees under lease containing an option to purchase who exercised such option were entitled to specific performance of such option.

2. LANDLORD AND TENANT—OPTION TO PURCHASE—EXECUTION OF CONTRACT.

Lessees of property under lease containing option to purchase would become equitable owners of the property upon execution of the contract and then subject to vendors' lien for the balance due on the contract and interest.

3. VENDOR AND PURCHASER—POSSESSION—PAYMENT OF PURCHASE PRICE.

Ordinarily the right of a land contract purchaser to possession does not become operative until full payment of the purchase price.

4. LANDLORD AND TENANT—OPTION TO PURCHASE—VENDOR AND PURCHASER.

Exercise of option to purchase, contained in lease, terminated the relation of landlord and tenant and created relation of vendor and purchaser under land contract and thereafter the rights of the parties in the property were governed by the contract.

5. VENDOR AND PURCHASER—OPTION TO PURCHASE—TERMINATION OF LEASE—POSSESSION.

Fact that purchasers under land contract had right of possession immediately upon execution thereof, under standard form of land contract in general use both presently and for some years past in area of land involved in lease with option to purchase

REFERENCES FOR POINTS IN HEADNOTES

[1] 49 Am Jur, Specific Performance § 117.
[2, 3] 55 Am Jur, Vendor and Purchaser §§ 355, 356, 447.
[3, 5] 55 Am Jur, Vendor and Purchaser § 385.
[4, 5] 32 Am Jur, Landlord and Tenant § 300.

provision, gave lessees right to continue possession upon exercise of option to purchase without further obligation under the lease.

CARR, SHARPE, and BOYLES, JJ., dissenting in part.

Appeal from Oakland; Holland (H. Russel), J. Submitted January 11, 1952. (Docket No. 44, Calendar No. 45,122.)   Decided April 17, 1952.

Bill by Philip Rosenthal and another against Leonard Shapiro and others for specific performance of option contained in lease.   Decree for plaintiffs. Defendants appeal.   Affirmed.

*Sol Lumberg* and *J. Harold Steffis,* for plaintiffs.

*Shapero & Shapero,* for defendants.

BOYLES, J.   Plaintiffs filed a bill of complaint in the circuit court for Oakland county in chancery to compel specific performance of an option to purchase certain land in the city of Berkley.   Issue was joined and the case submitted to the trial court on stipulated facts and issues of law.   The court, after a written opinion, entered decree for the plaintiffs and the defendants appeal.

On November 24, 1947, the then-owners of the land in question entered into a written lease of said land to the plaintiffs at a rental of $175 per month, for a term of 5 years, with privilege of renewal for a like term, in which lease the parties agreed as follows:

"It is further agreed between the parties hereto that the parties of the second part (plaintiffs herein) shall have an option to purchase said premises within 1 year from the date first above mentioned, for the purchase price of $25,000.   And it is further agreed that if parties of the second part shall exercise their

option to purchase the parties of the first part shall furnish to them an abstract of title or a title policy to said premises. The down payment is hereby fixed at ⅓ of the purchase price, and the balance to be paid in monthly instalments of 1% of the balance due and owing, with interest at 6% per annum."

Said lease, after 2 further covenants concerning the assignment of lease and keeping the premises in repair, continued:

"And the said parties of the first part do covenant that the said parties of the second part, on paying the aforesaid instalments and performing all of the covenants aforesaid, shall and may peacefully and quietly have, hold and enjoy the said demised premises for the term aforesaid."

Shortly after the execution and delivery of the above instrument the then owners (lessors) sold and conveyed said land to the defendants herein, subject to the said lease and to the rights of the plaintiffs thereunder. On October 30, 1948, plaintiffs, by their attorney, notified defendants Shapiro of their desire to exercise their option to purchase and requested the defendants to furnish the abstract of title or a title policy to said premises. On November 11, 1948, while said option was still in effect, plaintiffs' attorney again wrote the defendants Shapiro as follows:

"On October 30, 1948, as per your request, I wrote you and made formal demand for the abstract of title to the property at 3223, 3225 and 3229 West Twelve Mile Road, Berkley, Michigan, in response you called me and informed me that I would have to talk to your attorney, Mr. Samuel Shapero. He has stated, in effect, that the option given my clients in the lease to said premises, would not be honored.

"In order that there may be no question about our intention to insist upon specific performance of that option, letters are being sent to you and your

wife and to Mr. Irving Zeff and Mrs. Pearl Zeff, his wife. I have been employed by Philip Rosenthal and Philip Weiner to notify you that they elect to exercise their option, in accordance with the terms thereof, and to make demand upon you for delivery to me, as their attorney, of the abstract of title to said property.

"In event that you persist in your refusal to carry out the terms of the option, suit for specific performance will be instituted without further notice."

The instant suit was begun, and after it had been submitted, as aforesaid, the trial court entered a decree that the option was valid, that plaintiffs were entitled to specific performance, that the plaintiffs had properly exercised their option to purchase, that the defendants be required to furnish an abstract of title or a title policy, that the relationship of landlord and tenant terminated October 30, 1948, when plaintiffs had exercised their option to purchase; and the decree directed the defendants to execute a land contract conforming to the terms and provisions of said option. The provision in the decree terminating the relationship of landlord and tenant at the time when plaintiffs exercised the option October 30, 1948, is the principal bone of contention in the present case.

The defendants claim that the right of the plaintiffs to *possession* of the premises ended when the option was exercised, and that the right of possession thereafter was with the sellers (the defendants) *under the option* until full payment of all of the instalments had been made in full by the plaintiffs. Their claim on the appeal is stated by the defendants in their brief as follows:

"Where a written option to purchase title to property on an instalment basis fails to stipulate that possession of such property shall be delivered to the purchaser while the title is paid for on the instal-

ment basis, such possession is reserved to the owners of the property until the full payment of the purchase price."

Under that claim, the plaintiffs would pay $166.67 per month, the 1% per month, of the balance of the purchase price, instead of $175 per month rent, and if the *lease* was terminated October 30, 1948, as the defendants now claim, said defendants having the right of possession of the property could oust the plaintiffs as of October 30, 1948, and lease the property to some other tenant, unless the plaintiffs came to their terms as to the future right to possession, or payment of rents.

Defendants rely on a line of decisions in this Court holding that the vendors or owners of the property continue to be entitled to possession of the property until paid in full, in the absence of any provision *in the contract* giving the vendees or optionees the right of possession during payments. With the exception of *Polczynski* v. *Nowicki,* 227 Mich 415, and *Emmons* v. *State Land Office Board,* 305 Mich 406, in none of the cases relied upon by defendants was the vendee or optionee in possession of the optioned premises at the time the option was exercised. We agree with the defendants that *under the option,* standing alone, the optionees (plaintiffs) would not be entitled to possession of the property. *Druse* v. *Wheeler,* 22 Mich 439; *Gault* v. *Stormont,* 51 Mich 636; *Brin* v. *Michalski,* 188 Mich 400; *Walsh* v. *Oakman,* 199 Mich 688; *Barton* v. *Molin,* 219 Mich 347; *Janiszewski* v. *Shank,* 230 Mich 189; *Emmons* v. *State Land Office Board, supra.*

However, the trial court was in error in holding that the relationship of landlord and tenant was terminated when plaintiffs exercised their option, and that the lease itself ended at that time. Under the express terms of the lease, of which the option

was a part, plaintiffs' right to *possession,* under the circumstances of this case, continued *under the lease* and did not revert to the defendants merely because the plaintiffs exercised their rights under the option. The *lease* did not terminate October 30, 1948, when plaintiffs exercised their option to purchase.

In the *Polczynski Case, supra,* as in the instant case, the plaintiff-lessee filed a bill for specific performance of an option clause in a 6-year lease in which the plaintiff was the lessee and optionee. The defendant, the landlord and owner, refused to sell. The main issues in the case were (1) whether the option clause was complete, (2) whether the plaintiff had made a proper tender, and (3) whether the defendant had understood she was signing an option instead of a lease. The Court resolved those issues in favor of the plaintiff and then turned to the 4th and final question, which arose out of the fact that the option itself, as in the case at bar, contained no provision for possession by the optionee. The plaintiff was in possession of the premises as lessee under a lease, at the time he made the tender and sought to exercise the option. The plaintiff claimed that his obligation to pay rent ceased when he gave the notice of his desire to exercise the option. In holding that the lease was not thus terminated, the Court said (p 429):

"The two further contentions are made for defendant that the option is incomplete because no interest on deferred payments is specified, and no provision for delivery of possession, in which case this Court has held that the purchaser is not entitled to possession until the full purchase price is paid. This Court has also held that failure to specify interest does not invalidate the contract. *Elbom* v. *Pavsner,* 225 Mich 213. Plaintiff was in possession when he made tender on February 1, 1921, and has so continued without paying rent since that time,

apparently on the theory that the tender changed the character of his possession as a tenant to that of purchaser. His contract does not so provide and it is a well-settled rule that if not otherwise provided in the agreement the right to possession of a contract purchaser does not become operative until full payment of the purchase price. *Gault* v. *Stormont,* 51 Mich 636; *Way* v. *Root,* 174 Mich 418; *Brin* v. *Michalski,* 188 Mich 400; *Barton* v. *Molin,* 219 Mich 347. Though in default for past due rent defendant has not dispossessed him nor forfeited his lease, and he is entitled upon payment of rent in arrears to continue his tenancy under the lease. Her claim that the lease is at an end because of plaintiff's attitude in this litigation is not tenable. He is entitled to a land contract from her according to the terms of the option."

While we agree with defendants that *under the option clause* the defendants would have the right to *possession* of the property until the payments are made in full, we do not reach the conclusion that the option clause is the only contract before the court. The *Polczynski Case* is not authority for so holding. The option is a clause of the lease, and the contract must be considered in that light. Nor do we agree with defendants that their right to possession, under the *option clause,* would be a ground for denying plaintiffs the right of specific performance of the option. It should be noted that in the *Polczynski Case,* as well as in *Brin* v. *Michalski, supra,* also relied upon by defendants, specific performance of the option was decreed.

Defendants claim that: "*Under the option as written,* plaintiff is not entitled to possession until full payment of the purchase price." (Italics supplied.)

That claim seeks to by-pass and ignore the express provisions of the lease itself, of which instrument the option clause is a part. The lease and the option clause constitute the contract, and it must be con-

sidered in its entirety with every valid part given effect. As hereinbefore noted, said contract expressly provides that: "The said parties of the first part do covenant that the said parties of the second part (plaintiffs herein), *on paying the aforesaid instalments* and performing *all of the covenants aforesaid,* shall and may peacefully and quietly have, hold and enjoy the said demised premises *for the term aforesaid."* (Italics supplied.)

The trial court held that the lease was terminated when the right to exercise the option was exercised by the plaintiffs. On the contrary, the lease and the option clause when read together plainly express the intent of the parties, that under the contract plaintiffs should continue to be in possession of the premises under the lease "on paying the aforesaid *instalments;"* and otherwise complying with the lease. It was the intention of the parties, in the execution of the lease and option clause, that the plaintiffs should have the right to occupy the premises as tenants under the lease for a term of 5 years, with the privilege of an extension for a like term by complying with the provisions of the lease, and that the plaintiffs should also have the right to a contract from the defendants for purchase of said premises by the plaintiffs, under and in accordance with the terms of the option clause. It was the duty of the defendants, on demand, to furnish plaintiffs with an abstract of title or a title policy. Notwithstanding the exercise of the option, the plaintiffs continue to have the right of occupancy of the premises under the lease by compliance with the requirements of the lease and option when read together. Under the contract, plaintiffs have properly exercised their option to purchase and may continue in possession under the lease, their obligation being to pay the instalments and interest under the option, and to pay the rent and otherwise comply with the cov-

enants under their lease. Thus the plaintiffs may ultimately acquire ownership of the property instead of reaching the end of their rights entirely by expiration of their lease. Obviously, the right of the plaintiffs both as to occupancy and ownership otherwise would expire if they should not exercise their option to purchase or continue to comply with the requirements of the lease.

Plaintiffs in their brief propose:

"If this Court feels that the plaintiffs are not entitled to possession unless the full purchase price is paid, we stand ready, able and willing, and hereby offer and tender the full amount of the purchase price, and this Court may fix a time within which the money deed and abstract may be exchanged."

That question was definitely settled contrary to their proposal, in the *Polczynski Case, supra,* when the Court said (pp 429, 430):

"He [plaintiff] now offers to pay the purchase price in full with interest on all deferred payments since the time of the tender. That is a matter between the parties. Courts cannot make contracts for them."

Certain other questions apparently were settled by the trial court in entering the decree, which have not been raised or questioned on this appeal and are not inconsistent with the foregoing conclusions herein, and consequently they need not be referred to. As already indicated, the defendants' main contention is that the plaintiffs did not become entitled to possession *under the option* in the absence of an express provision to that effect. Defendants' claim in that regard is in accord with our previous decisions hereinbefore cited. In *Emmons* v. *State Land Office Board, supra,* Mr. Justice BUTZEL, writing for the Court, said:

"Without some provision by rule or in the contract, plaintiff would not have become entitled to possession of the property until he paid for it and it would be subject to taxes levied after the date of the bid. The general rule is that unless the contract provides for possession, the right of a contract purchaser to possession does not become operative until full payment of the purchase price. *Polczynski* v. *Nowicki,* 227 Mich 415."

In said *Emmons Case, supra,* the plaintiff was in possession of the premises *as a tenant* at the time he exercised his option for a land contract on January 20, 1942, having paid the rent to February 6th. We held that his possession as a tenant continued and that he was liable for rent until he subsequently received a land contract with express provisions for possession.

A decree should be entered in this Court conforming to the decree entered below except as modified by the foregoing conclusions, and remanding for enforcement thereof. No costs should be awarded, each party prevailing only in part.

Carr and Sharpe, JJ., concurred with Boyles, J.

Butzel, J. (*concurring in part*). I concur in the opinion of Mr. Justice Boyles to the entent of his holding that plaintiffs are entitled to specific performance of their option to purchase as provided by the lease. I dissent from the holding that exercise of the option in the contract will not entitle them to the possession of the property and free them from any further obligations under the lease.

The effect of the opinion would be to obligate plaintiffs to make a down payment of $8,333.33 and the payment of $16,666.67 in instalments of $166.67 per month *plus* interest on unpaid balances over a period of 100 months *and* also during the term of the lease

and any extension thereof to pay $175 a month rent until the contract is paid in full. To the statement in Mr. Justice Boyles' opinion to the effect that under defendants' theory they would only be paying $166.67 a month under the contract instead of $175 under the lease, there should be stated that in addition to the down payment of $8,333.33, they would be obliged to pay for the first month the sum of $166.67 plus $83.33 interest or $250 (not $166.67) for that month and a slightly lesser amount each month thereafter. To retain possession, under defendants' theory, plaintiffs thus would be obliged to pay an additional $175 for rent each month. Plaintiffs claim they are entitled to the usual standard form of land contract which gives the vendee possession upon execution of the contract. Defendants in their stipulation of facts claim that if the option to purchase is deemed to have been validly exercised, then the plaintiffs are entitled to a contract for the purchase of title of the premises only upon the express terms of the option in the written lease which defendants claim will not give plaintiffs possession until the purchase price is fully paid at the end of the 100 months. The trial judge held that the parties in providing for the contract anticipated the giving of immediate possession to the vendees and that the lease would be ended. Plaintiffs already had possession under the lease.

Under the circumstances herein, the absurdity and injustice of defendants' contention is so apparent on its face that it never could have been in the minds of the parties. On execution of the contract, plaintiffs would become the equitable owners of the property, subject to defendants' lien for the balance due on the contract and interest. It would come as a great surprise and shock to the profession to learn that when a lessee enters into a contract to purchase and pays one-third down and 1% per month of the

balance, *plus* interest at the rate of 6% per annum on the unpaid balance, he was not entitled to all rights of possession that the vendor had, but on the contrary would still remain obligated to pay the additional amount of $175 per month as lessee for 100 months to retain such possession.

The circuit judge in his opinion said that such a holding would place a strained and ridiculous interpretation on a simple and understandable lease and option. The judge stated, and we agree, that defendants have some authority for their position in *Polczynski* v. *Nowicki*, 227 Mich 415, upon which case Mr. Justice Boyles partly relies. The Court in the *Polczynski Case* found that the lease was not terminated by the exercise of the option to purchase contained therein and the obligation to pay rent remained with the plaintiff. It also found that there was no right to possession under the option alone, in the absence of a provision therefor in the option, although plaintiff was allowed to retain possession under the terms of the lease.

The absence of the obligation to pay interest on deferred payments in the *Polczynski Case* may have been a circumstance that the court considered as indicating that in the absence of some further consideration for possession of the premises, the parties did not intend that the lessees were entitled to it. The circumstances here indicate otherwise.

In further support of the contention that plaintiffs did not become entitled to possession *under the option* in the absence of an express provision to that effect, Mr. Justice Boyles also refers to *Emmons* v. *State Land Office Board*, 305 Mich 406, wherein we cited *Polczynski* v. *Nowicki, supra,* insofar as it involved the statement as to the general rule that ordinarily the right of a contract purchaser to possession does not become operative until full payment of the purchase price. It, however, should be noted

that the actual holding in the *Emmons Case* was predicated on the rules and regulations of the State land office board. We said therein (quoting syllabus):

"Bidder for property at so-called scavenger sale of land to which State had acquired absolute title through nonpayment of taxes, who had theretofore been renting such property from the State, was not entitled to recover rent which State land office board had required him to pay for occupancy after bid had been made before it would deliver land contract for which he had applied, where under the board's rules the bidder was not entitled to possession until delivery of a deed or contract of purchase."

We there held that the board's rules were reasonable and not capricious. There was no issue presented in the *Emmons Case* as to the interpretation of a land contract with indefinite provisions as to possession. Neither did it involve the exercise of an option made as an integral part of a lease-option agreement. As its holding was so peculiar to its own facts, we do not feel it is inconsistent with the present determination and is in no way controlling here.

We find that all of plaintiffs' obligations under the lease terminated on the exercise of the option. We believe the correct rule of law to be followed in the instant case is stated in *Cities Service Oil Co.* v. *Viering,* decided on November 22, 1948, 404 Ill 538 (89 NE2d 392, 13 ALR2d 1448), as follows:

"Defendant objects to the decree because it does not require from plaintiff payment of the rent specified in the lease until the date of the delivery of the deed and the payment of the $10,000. Where the relation of landlord and tenant exists under the terms of a written lease, containing an option to purchase which the lessee exercises, he is no longer in possession as a tenant, but his possession is that of a

vendee. *Bakaitis* v. *Fink,* 340 Ill 440 (172 NE 923);
51 CJS, Landlord and Tenant, § 82a. The lessor is
not entitled to rent after the option to purchase is
exercised unless there is in the lease an express
stipulation therefor. 51 CJS, Landlord and Tenant,
§ 82a. The exercise of the option extinguishes the
lease and terminates the relation of landlord and
tenant. The lease and all its incidents, express and
implied, are blotted out of existence, and the relation
of vendor and vendee created. 32 Am Jur, Landlord
and Tenant, § 300. Although pending the making
of a contract for the sale of real estate the prospec-
tive purchaser cannot in any sense, either at law or
in equity, be considered as the owner of the land,
the general proposition which does not admit the
controversy is that when the making of the contract
is complete, thereafter the land is regarded in equity
as the property of the vendee, subject to the rights
of the vendor under the contract of purchase. *Lom-
bard* v. *Chicago Sinai Congregation,* 64 Ill 477. It
follows that, when the plaintiff in this case exercised
its option to purchase by notice in writing served on
the defendant, a complete and absolute contract was
created binding upon the plaintiff to buy and the de-
fendant to sell, thereby vesting the equitable owner-
ship of the premises in the plaintiff. After that time
the relation of landlord and tenant ceased to exist,
and the rights of the parties must be determined
upon the basis of a contract to sell and convey on
one side and to purchase on the other."

Insofar as the *Polczynski Case* holds otherwise, it
is overruled.

The trial court properly found that plaintiffs
should be entitled to possession under the terms of
the land contract to be made in accordance with the
option. The judge did state in his opinion that it
is a matter of common knowledge that the standard
form of land contracts used in that area, both pres-
ently and for years past, give the vendee the right of
immediate possession, as opposed to the time when

the contract is fully paid up, and when the parties anticipate the giving of a land contract they also anticipate giving possession to the vendee. Irrespective, however, of this particular holding we believe that when the additional fact that plaintiffs are already in possession is shown that the plaintiffs legally are entitled to immediate possession of the property upon exercising the option and thereafter will continue in possession as vendees and no longer as lessees.

Defendants cite a number of other Michigan cases to the effect that owners of property are entitled to possession until paid in full, in the absence of any provisions in a land contract giving purchasers the right of possession during payments. As Justice BOYLES properly notes, however, these cases are all distinguishable as in none of them was the vendee in possession of the optioned premises at the time the option was exercised.

Our conclusion, therefore, is that plaintiffs are entitled to take possession under the terms of the contract without further obligation under the lease.

Decree of the trial court herewith affirmed, with costs to plaintiffs.

NORTH, C. J., and DETHMERS, BUSHNELL, and REID, JJ., concurred with BUTZEL, J.