## Burgess Hall, survivor, &c., v. Milo Soule.

A promise in writing to pay the debt of another is not valid unless it show the whole terms of the contract: no resort can be had to parol evidence to add to them.

A verbal promise to pay the debt of another being void under the Statute of Frauds, is not a valid consideration for a subsequent promise in writing.

*Heard May 28th and 29th.　Decided July 15th*

HALL v. SOULE

Error to Calhoun Circuit. The facts sufficiently appear by the opinion.

*H. M. & W. E. Cheever*, for plaintiff in error:

The Statute of Frauds affects the *evidence* of the contract, and not the contract itself: — 3 *Met.* 399; 4 *Lit.* 240; 2 *A. K. Marsh.* 33; 1 *Root,* 78; 2 *Overt.* 192; 7 *G. & J.* 157; 3 *Ves.* 696. A memorandum is all that is required, and it is immaterial for what purpose the "note or memorandum" was made—it is *written evidence* the statute requires. 1 *Pet.* 640; 9 *Ves.* 351. The *time* is unimportant. Written recognition of a void contract *after* its creation is sufficient. 1 *Pet.* 586; 6 *Cow.* 445; 3 *Kern.* 587; *Holt,* 153; 6 *Moore,* 521; 3 *Moore,* 15; 3 *C. & P.* 130; 5 *Bing. N. C.* 559; *Ibid.* 577; 3 *Atk.* 503; 3 *Bro. C. C.* 318; 3 *Ves.* 696; 5 *Ves.* 308; 11 *Mass.* 6; 5 *H. & J.* 117; 9 *Met.* 83; 2 *M. & S.* 286; 2 *B. & P.* 238; 3 *Taunt.* 169; 2 *Swanst.* 434; 2 *Ves. & B.* 341; 29 *Geo.* 294; 4 *Munf.* 77; 2 *M. & W.* 653; 15 *East,* 103; 6 *B. & C.* 437; 2 *A. & E.* 500. In a late English case the Court even went farther, and held that a letter of defendant, written after and disaffirming the contract, was sufficient. 9 *C. B.* 843.

A sufficient consideration for the promise appeared. If, as we claim, the promise of defendant was collateral to the principal contract, made at the same time, and was an essential part of the credit given to the principal debtor, and the writing a mere subsequent affirmation or evidence of the previous verbal promise, no new consideration was required. The collateral promise was the inducement *to* the the creation of the debt. 8 *Johns.* 28; 14 *Ves.* 190; 3 *Comst.* 203–9; 11 *Johns.* 321; 14 *Wend.* 246; 1 *Pet.* 476; 3 *Met.* 396.

*Joslin & Blodgett*, for defendant in error:

The letter of defendant was not a promise in legal effect to pay the debt of Harrison Soule, but a notice that plaintiff

must rely on defendant's verbal promise: — 3 *Dall.* 415; 7 *Mass.* 141; 6 *Pick.* 509; 17 *Ill.* 505; 1 *Scam.* 58; 6 *B. & C.* 437; 2 *Conn.* 553; 1 *Sandf.* 210; 15 *East*, 103; 8 *Johns.* 39; *Story on Cont.* §§ 854, 862; 2 *Am. Lead. Cas.* (*4th ed.*) 132.

The contract must not only be in writing, but be supported by a present consideration. *Story on Cont.* §§ 782–4; 1 *Sandf.* 211.

CAMPBELL J.:

This was an action brought against defendant to recover from him, as guarantor or surety, the sum of $500, for which it was alleged he became responsible for his son, Harrison Soule. The goods were sold in 1858, and in January, 1859, Harrison Soule, to whom they were sold and charged, gave his notes for the amount due, which remain unpaid. It appeared from the parol evidence that previous to the sale defendant had agreed, if plaintiff's firm would give Harrison Soule a credit to the amount of $500, that he would be responsible for its payment. The only written instrument offered in evidence was a letter written July 7, 1861, which, so far as it relates to the transaction in suit, was as follows: "And now I hardly know what to say to you. I think on the whole that you will have to rely on my pledge already made, that as soon and fast as I can, I will see that $500 of the demand you hold against Harry is paid: beyond that I do not think myself under obligation."

It is entirely clear from the tenor of this letter that it does not undertake to set forth the terms or conditions of any previous contract, but refers to it as a matter understood. The parol evidence shows what this contract was, and explains fully all the conditions and pledges. But under our statute any agreement to pay the debt of another is absolutely void, unless a note or memorandum of it is made in writing. *Comp. L.* § 3183. It has always

been settled that the memorandum must show the whole terms of the contract, and that no resort can be had to parol evidence to add to them. Our statute does not require a contract of this kind to set forth its consideration, but makes no other change: § 3187. It is impossible to draw from this writing any recital or evidence that defendant made any promise to pay for a future credit to be given to Harrison Soule. The plaintiff below sought to rely upon it as a written memorandum of a former verbal agreement. But it does not recite any agreement, present or past, except to pay existing and not contemplated future indebtedness. Whether such a memorandum of a past transaction would have the full effect claimed for it, becomes, therefore, immaterial.

Viewed as a present contract to pay an existing debt, it is not and could not well be claimed that the contract is valid, because there is an entire absence of consideration for it, so far as the evidence showed, and the declaration avers none. The previous verbal agreement being null, it could not form a valid consideration for this promise.

The judgment is affirmed, with costs.

MANNING and CHRISTIANCY JJ. concurred.

MARTIN CH. J. did not sit in this case.