Grates, J.:
Defendants in error were allowed to recover damages for McElroy’s refusal to keep his contract to accept and pay for a quantity of hogs he had agreed to take of them. The original understanding was verbal and nothing was ever paid and there was no delivery. .Defendants in error were to procure the hogs, being in value over one hundred dollars, and deliver them for shipment within two weeks of August 11,1874, at Sturgis, at five cents per pound, and MeElroy was to accept and pay, at Sturgis, on or before August 25th. This arrangement was made, however, subject to the understanding that MeElroy should have the right to go to Ohio before being bound, and in case he should decide to take the hogs on the terms specified, that he should telegraph defendants in error to that effect, and that one Bryant should act as his agent in the matter. The *413 business being left in this shape, McElroy, on the 15th of August, telegraphed to defendants in error from Ohio in these terms:
“ To Suele <& Williams :
“ I will take double deck car hogs. ¥m, C. Bryant will close contract.
“Jambs McElroy.”
The quantity specified in the telegram was the same as mentioned in the verbal arrangement, and William C. Byrant was the person who was to act for McElroy. The hogs *were duly provided by defendants in error and held ready for delivery, but McElroy repudiated the arrangement and refused to accept the hogs or pay for them. The case depended upon the sufficiency of the telegram as a memorandum under the statute of frauds. The court held, against objection, that it was sufficient, and the jury awarded fifty dollars damages. The ruling was wrong. Standing by itself, the telegram contained none of the elements of a bargain except quantity, and it implied that there had been some communication previously in regard to terms, which would have to be appealed to, to explain the substance of the bargain. Moreover it did not purport to be a note or memorandum of an agreement at all, but only a simple notification of adhesion to an agreement which had been provisionally arranged theretofore, and the terms of which were assumed to be understood, and the facts show that the previous arrangement so referred to. was one which rested wholly in parol.
The case is ruled by James v. Muir, 33 Mich.; 223.
The judgment must be reversed, with costs, and a new trial ordered.
The other Justices concurred.