## DAVID GAULT v. GEORGE STORMONT.

*Forcible entry and detainer—Complaint—Statute of frauds—Memorandum of contract—Permission to occupy—Tenancy at will.*

In forcible entry and detainer proceedings the general allegation in the complaint that defendant is in possession of the premises and unlawfully holds them against the rights of the plaintiff, is sufficient though possession was taken or held by force.   Comp. L. § 6697.

A mere memorandum of a land sale in a receipt for money paid down, is not enough to establish the contract, under the statute of frauds, unless it is complete in itself and leaves nothing to rest in parol. It is not enough to state the purchase price and omit the time of payment, as there is no known usage to fix periods of payment.

A receipt for a payment on a sale of land does not of itself entitle the purchaser to take possession before he has fulfilled the terms of the sale.

Verbal permission, by the vendor of land to the purchaser, to take possession at any time, is a mere license, revocable at pleasure, so long as the terms of the sale are unfulfilled; and the vendor's return of a partial payment on failing to get his wife to unite with him in the sale revokes such a permission previously given.

Tenancy at will rests on the actual or presumed consent of the owner of the premises.

Error to Wayne. (Jennison, J.)    Oct. 17.—Oct. 31.

FORCIBLE ENTRY and detainer. Complainant appeals. Reversed, and judgment entered.

*Stewart & Galloway* for appellant.

*Geo. W. Coomer* and *Atkinson & Atkinson* for appellee. Where possession has been retaken by force after being surrendered a complaint in forcible entry and detainer proceedings should allege the force: *Latimer v. Woodward* 2 Doug. (Mich.) 368 ; *Hoffman v. Harrington* 22 Mich. 57.

COOLEY, J.   This is a proceeding for forcible entry and detainer tried before a commissioner, and appealed to and

tried in the circuit court where the defendant had judgment. From the finding by the circuit judge the following facts appear.

On April 26, 1881, the plaintiff, who resides in the county of Shiawassee, was owner of a house and two lots in Wyandotte, which were then occupied by one Sill as tenant. Sill had paid rent up to and including May 1, 1881. On the day first mentioned defendant bargained with plaintiff for the purchase of the place, and they agreed upon one thousand and fifty dollars as the price. Defendant paid seventy-five dollars down and plaintiff gave him the following receipt:

"WYANDOTTE, April 26, 1881.

Received from George Stormont the sum of seventy-five dollars as part of the principal of ten hundred and fifty dollars on sale of my house and two lots on corner of Superior and Second streets in this city.

DAVID GAULT.

Witness: C. W. THOMAS."

The understanding was that plaintiff should return home and have a deed executed by himself and wife, on receipt of which defendant would pay the balance of the purchase price. There was a further understanding that defendant might take possession of the place at any time when Sill would permit it.

When plaintiff returned home his wife refused to unite with him in the deed, and he thereupon, on the 28th or 29th of April, sent the seventy-five dollars back to Mr. Thomas to be returned to defendant. Thomas tendered it to defendant, who refused to receive it, and insisted on his right to the lots. Defendant had not at this time obtained possession, but he put a few things into the house by Sill's permission, April 30th, and obtained entire possession on May 7th. On May 9th Thomas again tendered back the seventy-five dollars, and on defendant refusing to receive it, went away leaving the money with him. At a subsequent hour of the same day Thomas tendered to defendant a deed of the lots executed by the plaintiff alone, but this defendant refused to receive. On both these occasions possession of the place was demanded and refused. On July 12th, however,

defendant allowed Thomas to take possession, but soon after retook it by force, and still retains it.

The complaint by which these proceedings were commenced alleged, in general terms, that the defendant was in possession of the premises, and that he unlawfully held the same against the rights of the plaintiff. Objection is taken to this as not applicable to a case in which possession is taken or held by force: but the statute (Comp. L. § 6697) expressly authorizes a complaint in this general form, and we think it sufficient.

On the merits the case is plainly with the plaintiff. There was no written evidence of the sale of the lots except the receipt which was given for the seventy-five dollars, and that was insufficient to answer the requirements of the statute of frauds, for though it specified the purchase price, it failed to express the time or times of payment, and there is no known and recognized custom to fix what is thus left undetermined. A memorandum, to be sufficient under the statute, must be complete in itself, and leave nothing to rest in parol. *Hall v. Soule* 11 Mich. 494; *James v. Muir* 33 Mich. 223; *McElroy v. Buck* 35 Mich. 434. Even if sufficient as a contract, the writing would not have entitled defendant to take possession before complete fulfillment on his part; *Dwight v. Cutler* 3 Mich. 566; *Hogsett v. Ellis* 17 Mich. 351; *Druse v. Wheeler* 22 Mich. 439; and any verbal permission would be a mere license, revocable at pleasure. *Druse v. Wheeler* 26 Mich. 189. And when in this case plaintiff tendered back the seventy-five dollars, after failing to obtain his wife's signature to the deed, any previous permission he may have given to take possession must be considered as recalled, and taking possession afterwards was a trespass. There is no ground for contending that defendant was a tenant at will and entitled to notice to quit before being proceeded against. A tenancy at will is only established by the actual or presumed consent of the owner; and in this case consent is conclusively disproved.

Judgment must be entered in this Court for the plaintiff on the judge's finding, with costs of all the courts.

The other Justices concurred.