67  397
81  143

GEORGE A. SHELEY v. MARTIN I. WHITMAN.

*Statute of frauds—Verbal contract of sale.*

An executory *verbal* contract for the purchase of goods falling within the statute of frauds is not validated by a written order for their delivery—afterwards countermanded—not showing what the contract was, nor conveying any information except by reference to the verbal agreement, and having none of the requisites of a definite agreement. *James v. Muir*, 33 Mich. 223.

Error to Wayne.  (Jennison, J.)  Argued October 12, 1887.  Decided October 27, 1887.

Assumpsit.  Defendant brings error.  Reversed.  The facts are stated in the opinion.

*Charles R. Whitman,* for appellant.

*E. A. Gott (E. F. Conely,* of counsel), for plaintiff.

CAMPBELL, C. J. Sheley sued Whitman for the price of certain gas chandeliers and pipe. The defense was the statute of frauds, the articles being worth $200. The court below allowed a recovery.

Plaintiff has a store and stock of goods in Detroit. Defendant, having a private house in Detroit which he desired to have furnished, came into the store in pursuance of plaintiff's invitation, and was shown a number of articles for which the price was fixed at $200. He gave no order then. Afterwards he wrote this letter, the essential parts of which were these:

"You may place the gas fixtures I selected to-day. The dining-room fixtures may as well be changed as talked over with the salesman who showed me the goods. Please put them up in fine shape, promptly as possible."

Plaintiff subsequently took the articles out of stock, and set his men at getting them ready to put up in the house when completed and adjusted. Defendant, after writing the letter, telephoned to wait till he got back from Ionia. The foreman was afterwards sent to see defendant, and find out when he would be ready, and defendant countermanded his order.

If a verbal contract was valid defendant made one. But here the purchaser never accepted or received any article. He never paid anything. The letter, which is the only writing, does not show what the contract was. It conveys no information except by reference to the verbal agreement, and has none of the requisites of a definite agreement. It comes within the principle of *James v. Muir*, 33 Mich. 223, and of cases decided since, some of which are referred to in the notes of the last edition. The case is so plain that it need not be dwelt upon.

The judgment must be reversed, with costs of both courts.

The other Justices concurred.