## HILBERG *v.* GREER.

1. FRAUDS, STATUTE OF—CONTRACTS—OPTION.

    An option in writing, properly signed, describing the property by street number, including building and lot, consideration one dollar, purchase price to be $5,500, "interest five per cent., easy terms," although sufficient as to whether it was a lease or a sale and as to description of the premises, insufficiently stated the terms and is unenforceable under the statute of frauds, since no inference could be drawn that the purchase price was to be paid in cash, and the length of credit and amount of payments were left undetermined.

2. SAME—MEMORANDUM.

    A memorandum to be sufficient under the statute must be complete in itself and leave nothing to rest in parol. 3 Comp. Laws, § 9511.

Appeal from Oakland; Smith, J. Submitted June 4, 1912. (Docket No. 1.) Decided November 8, 1912.

Bill by George J. Hilberg and Emory J. Doerr against Charles H. Greer and Elizabeth Greer for specific performance of an option for the sale of land. From an order sustaining a demurrer to complainants' bill, complainants appeal. Affirmed.

*A. L. Moore* and *Patterson & Patterson,* for complainants.

*James H. Lynch* and *Peter B. Bromley,* for defendants.

McALVAY, J. Complainants filed their bill of complaint to enforce the specific performance of the following written option:

"PONTIAC, MICH., Apr. 21, 1910.
"For and in consideration of the sum of one dollar, I hereby give to Hilberg & Doerr an option on building and lot known as No. 20 South Saginaw St., Pontiac, Mich., for a period of sixty days. Purchase price to be five thousand five hundred dollars. Int. 5% easy terms.
"CHARLES H. GREER."

The bill avers that, after this option was signed and delivered to complainants, the parties met by agreement at the office of A. L. Moore, in Pontiac, for the purpose of preparing proper instruments to transfer the title of the premises to complainants in accordance with the option. Complainants aver that they had given defendant Charles H. Greer notice of their election to accept and carry out the terms thereof, that the terms of the transfer were all agreed to between the parties, and, while the said papers were being prepared, the fact was stated that defendant Greer had married since giving said option, and that it would be necessary for his wife to join in the execution of a deed. For this reason the matter was postponed until the following day. On the next day defendant Greer came to complainants' place of business, and stated to one of them that he did not wish to make the sale, and that he would not unless complainants could compel him to do so. They went together to the office of Mr. Moore, where he repeated said statement; that he was shown the deed, mortgage, and note, which had been drawn, and again repeated that he would not transfer the property. Later complainants changed the date in said mortgage to June 8, 1910, and on that date signed and executed the same with the note, and caused them, together with the deed and $500 legal tender, to be tendered to said defendant Greer, and requested him with his wife to execute the deed. This he refused to do, and later a tender of the full sum of $5,500 was made to said defendant with the request to make transfer, which he also refused to do. The tender is also made into court. Defendant Greer never signed any instrument except the option above set forth. Defendants demurred to this bill of complaint upon the ground that the writing sought to be specifically enforced is not sufficient to bind the defendants to make such sale, because it fails to express the time or terms of payment of the price for said premises. The demurrer was sustained, and complainants have appealed.

The only question in the case to be determined is

whether this option given by defendant Greer is sufficient to satisfy the requirements of the statute of frauds. We do not agree with the defendant that the option is indefinite as to whether it is for the purchase or leasing of the property. We think it clear that the option was given to complainants for the purchase of the property as the purchase price is definitely stated. The description of the premises is also sufficient.

The infirmity of the writing, if any, depends upon its construction as to the time and terms of payment of the purchase price of the premises. The statute provides:

"Every contract * * * for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof, be in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized by writing." 3 Comp. Laws, § 9511.

The question of the sufficiency of such writings has been frequently before this court. In an early case in an opinion of this court written by Mr. Justice Cooley, where the question involved was almost identical with that in the instant case, the court said:

"There was no written evidence of the sale of the lots except the receipt which was given for the $75, and that was insufficient to answer the requirements of the statute of frauds, for, though it specified the purchase price, it failed to express the time or times of payment and there is no known and recognized custom to fix what is thus left undetermined. A memorandum, to be sufficient under the statute, must be complete in itself, and leave nothing to rest in parol." *Gault* v. *Stormont*, 51 Mich. 636 (17 N. W. 214).

The writing in question in this case reads, "Int. 5% easy terms." No inference can be drawn from this writing that the purchase price was to be paid in cash. Interest is fixed at a certain rate per cent., and "easy terms" are given. As to the length of time and the amounts of the payments—whether in one sum or in different amounts—the writing is absolutely silent. The words "easy

terms" have no well-defined and accepted meaning, but are absolutely indefinite. In our opinion the court was correct in sustaining the demurrer upon the authority of the decisions of this court. The case of *Gault* v. *Stormont, supra*, has been cited and affirmed repeatedly by this court, the last instance being *Ebert* v. *Cullen*, 165 Mich. 75 (130 N. W. 185, 33 L. R. A. [N. S.] 84), where most of the cases relied upon by complainants in the instant case were considered. Of these cases the court said:

"They do not, in our opinion, modify or cast any doubt upon the correctness of the rule laid down in *Gault* v. *Stormont*."

The decree of the circuit court is affirmed, with costs.

MOORE, C. J., and STEERE, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.