BADGER *v.* FINLAYSON.

BROKERS—COMMISSIONS—STATUTE OF FRAUDS.
    An agreement in writing to pay a broker a commission for the sale of real estate is sufficient to satisfy the statute of frauds (3 Comp. Laws 1915, § 11981), and the fact that it failed to state the price, terms of sale, etc., as required in case of a sale of real estate, did not render it void.

Error to Wayne; Jayne (Ira W.), J.    Submitted January 24, 1922.    (Docket No. 132.)    Decided October 2, 1922.

Assumpsit by Albert E. Badger against D. G. Finlayson for a commission upon the sale of real estate. Judgment for plaintiff.    Defendant brings error. Affirmed.

*Robert E. Barber* and *William N. Warren,* for appellant.

*John C. Shields* and *Henry P. Seaborg,* for appellee.

On necessity that authority of agent to purchase or sell real property be in writing to enable him to recover compensation for his services, see notes in 44 L. R. A. 601; 9 L. R. A. (N. S.) 933.

BIRD, J.   Defendant entered into a written agreement with one Joseph B. Grow, of Royal Oak, to sell his farm at the corner of John R. street and the 9-mile road north of Detroit, on a commission.   The agreement was in the following form:

"February 9, 1916.
"I do hereby agree to pay to Joseph B. Grow, agent, a commission of 2½% for services in disposing of my farm of 80 acres.

"D. G. FINLAYSON."

Grow found a purchaser as he claims who was able and willing to purchase the farm, but defendant refused to convey.   Grow then assigned his claim for commission to William Macklem, who, in turn, assigned it to plaintiff, who brought this suit.   At the trial the defense was made:

(1) That defendant did not sign the agreement.
(2) That the agreement did not satisfy the statute of frauds.

The case was tried before the trial court without the aid of a jury.   It was the opinion of the court that the signature to the agreement was defendant's and, therefore, was his agreement.   Upon the other question the court determined that the agreement was sufficient under the statute of frauds if the case of *Cochran* v. *Staman*, 201 Mich. 630, was to be followed. Plaintiff was given judgment.

The only question raised by the assignment of errors is the latter one.   In the case of *Cochran* v. *Staman, supra,* the majority opinion held that the writing relied upon was a promise to pay a commission for or upon a sale of real estate, and so far as the statute of frauds was concerned no more was required.   Defendant's counsel argue that the agreement should be as definite and certain as though the agreement had been one to purchase real estate.   The majority opinion in the case cited holds this is unnecessary.

That if the agreement shows a promise to pay a commission upon the sale of real estate the statute is satisfied.    Defendant insists that the case of *Paul* v. *Graham,* 193 Mich. 447, supports his contention. If counsel are right in their contention, the holding in *Paul* v. *Graham* must give way in so far as it is in conflict with the *Cochran Case.*    Undoubtedly, the controlling thought in the mind of the legislature in adding section 5 to the statute (3 Comp. Laws 1915, § 11981) was to put an end to controversies arising over parol agreements for the sale of real estate. In order to correct this it was provided that the agreement should be in writing.    If this is the correct view the legislature had in the matter it may be reasonable to say that when a written agreement to pay a commission for the sale of real estate is shown, it complies with the demand of the statute without any further proof as to the details of the sale.    This was the controversy in the *Cochran Case* and was what caused a division of the court.

The agreement in the case under consideration contains the written promise to pay a commission for the sale of real estate, and the rate of commission is stated.    The sale price is omitted but that does not appear to be essential under the holding in *Greenberg* v. *Sakwinski,* 211 Mich. 498.

Under this view, the conclusions of the trial court were correct and the judgment will be affirmed.

FELLOWS, C. J., and WIEST, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.