WAGNER-WHITE CO. v. HOLLAND CO-OPERATIVE ASS'N.

1. FRAUDS, STATUTE OF—MEMORANDUM—SUFFICIENCY.
   A memorandum, to be sufficient under the statute of frauds (3 Comp. Laws 1915, § 11835, subd. 1), must be complete in itself and leave nothing to rest in parol.

2. SAME—SALES—CONTRACT—VALIDITY.
   Where defendant, over the telephone, ordered two car loads of cottonseed meal, but refused to sign a confirmation order at plaintiff's request, and the only memorandum signed by defendant was a letter canceling the oral order, which letter did not disclose the consideration or when

it was to be paid, the contract was void under the statute of frauds.

3. SAME—MEMORANDUM—SUFFICIENCY.

Plaintiff's contention that its memorandum of acceptance, which defendant refused to sign, should be annexed to defendant's memorandum canceling "our order," thus making a completed memorandum, cannot be sustained, in view of the fact that defendant apparently referred to its oral order rather than to plaintiff's acceptance.

4. SAME—ORAL ORDER—CONFIRMATION.

An added reason why plaintiff's confirmation order may not be used to supplement defendant's cancellation memorandum is the fact, as found by the trial court and sustained by the testimony, that the confirmation order contained terms not included in the oral order.

5. SAME—BUYER'S MEMORANDUM MAY NOT BE SUPPLEMENTED BY SELLER'S.

In view of the fact that the requirement of the statute is that the memorandum is to be made by the party to be charged, to allow defendant's memorandum to be supplemented by plaintiff's would result in a practical nullification of the statute, and therefore it may not be done.

Error to Ottawa; Cross (Orien S.), J. Submitted October 11, 1922. (Docket No. 86.) Decided March 22, 1923.

Assumpsit by the Wagner-White Company, Inc., against the Holland Co-operative Association for breach of an alleged contract of sale. Judgment for defendant. Plaintiff brings error. Affirmed.

*Mason & Sharpe,* for appellant.

*Diekema, Kollen & Ten Cate,* for appellee.

BIRD, J. Plaintiff's salesman took defendant's order over the telephone for two cars of cottonseed meal. The salesman, soon thereafter, mailed to defendant a memorandum of the same and sent a copy

thereof to plaintiff at Jackson.  Upon receipt of the order plaintiff signed a confirmation of the order and mailed it to defendant, requesting defendant to sign, and return one copy.  Defendant did not comply with this request.  Later, and on October 4th, defendant wrote to plaintiff: "Please cancel our order dated July 21st for two 30-ton cars, 36% cottonseed meal."

Plaintiff answered, refusing to accept cancellation of the order.  Defendant refused to accept and pay for the cars, and they were resold, and the difference between the price made to defendant and the resold price is the amount plaintiff is attempting to recover in this suit.

The defense was that no valid contract was made because of that section of the statute of frauds which provides that:

"A contract to sell or a sale of any goods or choses in action of the value of one hundred dollars or upwards shall not be enforceable by action, unless the buyer shall accept part of the goods or choses in action so contracted to be sold, or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or *unless some note or memorandum in writing of the contract or sale be signed by the party to be charged, or his agent in that behalf.*"  3 Comp. Laws 1915, § 11835, subd. 1.

The sole question is whether the note or memorandum is sufficient to satisfy the statute.  This court, quite early in its history, declared that a memorandum to be sufficient under the statute of frauds must be complete in itself and leave nothing to rest in parol. *Hall* v. *Soule*, 11 Mich. 494; *James* v. *Muir*, 33 Mich. 223; *McElroy* v. *Buck*, 35 Mich. 434; *Gault* v. *Stormont*, 51 Mich. 636; *Paul* v. *Graham*, 193 Mich. 449; *Sheley* v. *Whitman*, 67 Mich. 397.

In the last case cited the situation appears to be quite similar to that in the present case.  Whitman called at Sheley's store in Detroit and looked at cer-

tain gas fixtures and pipe. Afterwards he wrote Sheley as follows:

"You may place the gas fixtures I selected today. The dining room fixtures may as well be changed as talked over with the salesman who showed me the goods. Please put them up in fine shape, promptly as possible."

A few days after receiving this letter Sheley sent his foreman to learn when and where he should install the fixtures. Whitman then countermanded the order. Suit followed, and, in due time, it reached this court. Chief Justice CAMPBELL, in considering the case, said in part:

"If a verbal contract was valid defendant made one. But here the purchaser never accepted or received any article. He never paid anything. The letter, which is the only writing, does not show what the contract was. It conveys no information except by reference to the verbal agreement, and has none of the requisites of a definite agreement. It comes within the principle of *James* v. *Muir*, 33 Mich. 223, and of cases decided since, some of which are referred to in the notes of the last edition. The case is so plain that it need not be dwelled upon. The judgment must be reversed."

This holding is in accord with the rule of construction stated in Cyc.:

"Accordingly if an oral contract falling within the scope of the statute has terms not stated in the memorandum, or if the memorandum contains a reference to such terms or imports their existence by fair inference without clearly stating them, or if the memorandum merely refers to the contract without stating its terms, the case falls within the statute." 20 Cyc. p. 258.

The only memorandum made by defendant was its letter of October 4th canceling the oral contract. While that letter discloses the subject-matter of the purchase, and the quantity purchased, it does not dis-

close the consideration, nor when it was to be paid. This was an important element in the contract. *James v. Muir, supra.* It does not set forth where or when the cars are to be delivered. It does not appear who is to pay the freight charges or the Federal revenue on the freight charges. These are important omissions, and by reason thereof the memorandum is not sufficient.

Plaintiff's counsel concede that the October letter alone does not satisfy the statute, but they argue that the letter refers to "our order dated July 21st" and by reference makes it a part of the letter, and that both, letter and order, taken together, furnish a sufficient memorandum to satisfy the statute. It is not clear whether defendant referred to its oral order or to plaintiff's written confirmation of it. The letter refers to "our order" and it appears that that order was oral, and it is just as probable, and perhaps more so, that defendant meant its oral order rather than plaintiff's written confirmation of it. But, be that as it may, the memorandum mentioned in the statute is to be made by the party to be charged. The party to be charged in this transaction is the defendant. It is conceded the defendant has made no memorandum except the letter of October 4th. To say that plaintiff's memorandum can be annexed to defendant's memorandum in order to satisfy the statute is to practically nullify the statute. Plaintiff's memorandum of the order would have no more force than the oral statement of the order, unless defendant had in some way acknowledged or approved it. There is no proof in this case that defendant acknowledged or approved plaintiff's written confirmation. In fact, it made no answer at all. If this were to be the rule recoveries could nearly always be had by plaintiff supplementing defendant's memorandum by his own.

An added reason why the confirmation of the order cannot be used to supplement defendant's memorandum is the finding of the trial court that the confirmation of the order contained terms not included in the oral order. We have examined the testimony and think this point is well supported.

Counsel cite two cases, *Louisville Asphalt Varnish Co.* v. *Lorick,* reported in 2 L. R. A. 212 (29 S. C. 533, 8 S. E. 8), and *Woodruff Oil & Fertilizer Co.* v. *Refining Co.,* 246 Fed. 375, in support of their contention. Both are South Carolina cases. Their facts differ somewhat from those in the present case, but in the main support counsel's contention. In the *Lorick Case* the Chief Justice dissented on grounds similar to those herein set forth. What the statute of South Carolina is upon which they are based does not appear in the opinions. But whatever the statute may be upon which those cases are based this court will be unable to follow them by reason of its oft-repeated holding on the sufficiency of memorandum.

The trial court reached the right conclusion, and the judgment is affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, and STEERE, JJ., concurred. SHARPE and MOORE, JJ., did not sit.