BENEDEK *v.* MECHANICAL PRODUCTS, INC.

1. FRAUDS, STATUTE OF—MEMORANDA ADDRESSED TO ONE NOT A PARTY TO THE CONTRACT.

    Letters, telegrams, or other written communications by a party to a contract to one who is not a party thereto which sufficiently disclose the terms of the agreement and admit it or affirm it are valid memoranda thereof within the requirements of the statute of frauds (3 Comp. Laws 1929, § 13417).

2. SAME—CONTRACT NOT TO BE PERFORMED IN ONE YEAR—SUFFICIENCY OF MEMORANDUM.

    Memorandum, consisting of letter written by defendant to selective service board seeking deferment of a skilled workman on hydraulic control apparatus wherein it was stated that defendant had "secured the exclusive manufacturing rights of a complete line of industrial and aeronautical high pressure hydraulic pumps from" plaintiff was not a sufficient memorandum to satisfy the statute of frauds as to contract alleged in declaration wherein plaintiff claimed damages from defendant for breach of contract to pay minimum royalties for life of patents on fluid pressure variable speed pumps and transmissions, pitch propeller hubs and accessories and had granted defendant a license to manufacture and sell such devices and option to purchase same, since the terms of the alleged agreement are not sufficiently disclosed (3 Comp. Laws 1929, § 13417).

3. SAME—CONSIDERATION—CONTRACT NOT TO BE PERFORMED IN ONE YEAR—SUFFICIENCY OF MEMORANDUM.

    Notwithstanding the plaintiff has furnished the consideration for an oral contract, where memorandum evidencing defendant's obligation that is not to be performed within one year does not sufficiently state the terms thereof, it is void under the statute of frauds (3 Comp. Laws 1929, § 13417).

What constitutes sufficient writing under statute of frauds, see 1 Restatement, Contracts, § 207.

4. Same—Sufficiency of Memorandum—Consideration—Parol Evidence.

A memorandum, when the contract is not written out, must embrace all its substantial terms except the consideration and cannot be aided by parol evidence when essentially defective (3 Comp. Laws 1929, § 13417).

5. Same—Commissions for Sale of Real Estate—Contract Not to be Performed in One Year—Sufficiency of Memorandum.

While under the provision in the statute of frauds relating to commissions for the sale of real estate only the promise to pay the commission need be in writing where the contract involved is one which is not to be performed within a year, the substantial terms thereof must be in writing and signed by the party to be charged in order to be enforceable (3 Comp. Laws 1929, § 13417).

6. Same—Sufficiency of Memorandum.

If an oral contract falling within a provision of the statute of frauds requiring the terms to be set forth in a memorandum has terms not stated in the memorandum, or if the memorandum contains a reference to such terms or imports their existence by fair inference without clearly stating them, or if the memorandum merely refers to the contract without stating its terms, the memorandum is insufficient (3 Comp. Laws 1929, § 13417).

7. Same—Sufficiency of Memorandum.

A memorandum is insufficient under the statute of frauds if it fails to state any element essential to the contract it purports to evidence.

8. Same—Contract of Sale—Vendors.

To make a memorandum of a contract of sale sufficient under the statute of frauds, it is indispensable that there be a statement as to who is the vendor.

9. Same—Sufficiency of Memorandum—Omission as to Consideration.

If a memorandum of a contract subject to the statute of frauds sufficiently expresses the essential elements and terms of the contract, whether it relates to a conveyance of lands, goods, chattels or choses in action, the omission of a reference to the consideration would not destroy its effect (3 Comp. Laws 1929, §§ 13414, 13420).

10. COURTS—APPLICABILITY OF DECISIONS UNDER SIMILAR PROVISIONS
OF STATUTES OF FRAUDS.

Where provisions of statute relative to fraudulent contracts and
conveyances of land require that such agreements be in writing
and signed by the party to be charged therewith or by some
person by him lawfully authorized in order to be valid and
specifically eliminate necessity of having consideration set
forth in the memorandum thereof are substantially the same
as provisions for similar purposes in statute relative to fraudu-
lent conveyances and contracts as to goods, chattels, and things
in action, decisions under one statute apply equally to a simi-
lar question under the other (3 Comp. Laws 1929, §§ 13413,
13414, 13417, 13420).

11. FRAUDS, STATUTE OF—MEMORANDUM MUST BE COMPLETE.

In order to satisfy the statute of frauds, a memorandum must
be complete in itself and leave nothing to rest in parol.

12. SAME—VOID CONTRACT—RECOVERY OF VALUE OF PERFORMANCE.

Although memorandum of contract for license rights under, and
sale of, patents was insufficient to satisfy statute of frauds
and such fact was apparent on the face of the declaration and
the count under which recovery on such contract was sought
was properly dismissed, such action does not affect plaintiff's
rights under other counts wherein recovery is sought because
of performance of his part of the oral contract (3 Comp. Laws
1929, § 13417).

BUSHNELL, J., dissenting.

Appeal from Jackson; Arch (Charles O.), J., pre-
siding. Submitted January 10, 1946. (Docket
No. 55, Calendar No. 43,264.) Decided May 13,
1946.

Assumpsit by Dr. Elek K. Benedek against Me-
chanical Products, Inc., on licensing contract for
certain inventions. Motion to dismiss granted as to
count declaring on licensing agreement. Plaintiff
appeals. Affirmed.

*George H. Curtis* and *Kleinstiver & Anderson,* for
plaintiff.

*Bisbee, McKone, Badgley & McInally,* for defend-
ant.

BUSHNELL, J. (*dissenting*).  This is an appeal by plaintiff from an order granting defendant's motion to dismiss count 1 of his declaration, on the ground that the separate cause of action as therein pleaded is unenforceable under the provisions of the statute of frauds, 3 Comp. Laws 1929, § 13417 (Stat. Ann. § 26.922), and that such defect appears on the face of the declaration.

In count 1 of his declaration, plaintiff, Dr. Elek K. Benedek, a resident of Chicago, Illinois, who describes himself as an experienced mechanical and consulting engineer and a specialist in fluid pressure variable speed pumps and transmissions, states that he is the original and sole inventor of various inventions and improvements in that field.  After listing 16 letters patent by number, date, and subject matter, and three applications for patents, Benedek claims that on or about November 29, 1943, he granted to defendant Mechanical Products, Inc., a Michigan corporation, the license and privilege to manufacture and sell such devices, and that Mechanical Products, Inc., agreed to pay him a royalty of five per cent. on the selling price of such manufactured product sold by it, with a guaranteed minimum annual royalty of $10,000 per year.  He avers that he performed his portion of the obligation, but that, although defendant performed its obligation for about three months, it then breached its contract and agreement and refused to pay the accrued royalties, et cetera.  Counts 2 and 3 of the declaration, which are not here involved, have to do with compensation for personal services and labor rendered by plaintiff to defendant, recited in detail in count 2, and are based on the common counts in count 3.

There is attached to the declaration an exhibit referred to in count 1, which is a letter directed to the United States Selective Service System in Chicago,

and signed, Mechanical Products, Inc., A. D. Knapp, president, requesting deferment of one Chester Alfred Czohara, which states in part:

"Recently our company secured the exclusive manufacturing rights of a complete line of industrial and aeronautical high pressure hydraulic pumps from Dr. Elek K. Benedek, consulting engineer, who is a specialist in fluid pressure variable speed pumps and transmissions. Dr. Benedek's office and laboratory is located at 9243 South Oakley Ave., Chicago, Ill.

"In connection with the above, the company has secured the services of Chester Alfred Czohara because of his design and development experience in aircraft hydraulic control apparatus in which he has irreplaceable skill and it is our understanding that his prior deferment was based on that skill.

"Our company have been requested by the Air Corps at Wright Field, to make certain changes in these hydraulic pumps for their application, and it constitutes the work that Mr. Czohara is doing for us at the present time. We might add that these high pressure variable speed pumps are very desirable to the Army Air Corps and Naval Air Corps and the writer feels that we are using Mr. Czohara's experience to the very best possible advantage."

The decisive question is whether this letter, addressed to one not a party to the claimed contract, is sufficient to satisfy the requirements of the statute that the license agreement relied upon is void, "unless such agreement, contract or promise, or some note or memorandum thereof be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized." (3 Comp. Laws 1929, § 13417 [Stat. Ann. § 26.922]).

Because of the provisions of 3 Comp. Laws 1929, § 13420 (Stat. Ann. § 26.925), the consideration "need not be expressed in the written contract, agreement or promise, or in any note or memo-

randum thereof, but may be proved by any other legal evidence.''

As stated in 112 A. L. R. p. 491:

''Letters, telegrams, or other written communications by a party to a contract to one who is not a party thereto, which sufficiently disclose the terms of the agreement and admit it or affirm it, are, according to the great weight of authority, valid memoranda thereof within the requirements of the statute of frauds.''

See authorities therein annotated from 22 States, not including Michigan, England, and Canada.

In *Cochran* v. *Staman*, 201 Mich. 630, Mr. Justice KUHN, in a dissenting opinion, agreed with counsel's statement ''that the memorandum, to be sufficient under the statute of frauds, must be complete in itself, and leave nothing to rest in parol.'' The majority, however, speaking through Chief Justice OSTRANDER, had this to say:

''The writing relied upon, in my opinion, is a promise to pay a commission for or upon a sale of real estate. So far as the statute of frauds is concerned, no more is required. Suppose that the seller, in this case, and the proposing buyer, produced by plaintiff, had agreed upon terms of payment and completed a sale and conveyance of the premises for $100 an acre. In an action for the commission, could the seller defend upon the ground that the promise to pay the commission was not in writing? I think not. And this, I think, is the test to apply, and not the one whether the written agreement or promise contains also,—has incorporated therein,—all of the details necessary to be stated in an agreement to sell and convey real estate. In *Paul* v. *Graham*, 193 Mich. 447, it was decided that a particular writing did not satisfy the statute. But a written promise to pay a stated commission for the sale of described property, both of which elements, as the opinion

points out, were lacking in the writing relied upon in that case, are present in the writing in this case. See *Toomy* v. *Dunphy*, 86 Cal. 639 (25 Pac. 130).

" 'Every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate,' is the language of the statute."

Thereafter the court unanimously held in *Badger* v. *Finlayson*, 219 Mich. 660, that an agreement, in writing, to pay a broker a commission for the sale of real estate is sufficient to satisfy the statute even though it failed to state the price, terms of sale, et cetera, as required in case of a sale of real estate. In the *Badger Case* the court, after referring to the case of *Cochran* v. *Staman, supra,* said:

"The majority opinion in the case cited holds this is unnecessary. That if the agreement shows a promise to pay a commission upon the sale of real estate the statute is satisfied. Defendant insists that the case of *Paul* v. *Graham*, 193 Mich. 447, supports his contention. If counsel are right in their contention, the holding in *Paul* v. *Graham* must give way in so far as it is in conflict with the *Cochran Case.* Undoubtedly, the controlling thought in the mind of the legislature in adding section 5 to the statute (3 Comp. Laws 1915, § 11981*) was to put an end to controversies arising over parol agreements for the sale of real estate. In order to correct this it was provided that the agreement should be in writing. If this is the correct view the legislature had in the matter it may be reasonable to say that when a written agreement to pay a commission for the sale of real estate is shown it complies with the demand of the statute without any further proof as to the details of the sale. This was the controversy in the *Cochran Case* and was what caused a division of the court."

In considering the propriety of the order dismissing count 1 of plaintiff's declaration, as was said in

* See 3 Comp. Laws 1929, § 13417 (Stat. Ann. § 26.922).—RE-PORTER.

*Dodge* v. *Blood,* 299 Mich. 364, 378 (138 A. L. R. 322):

"Upon demurrer, every inference must be indulged in favor of the pleader, and against the demurrant. This means that in order to justify dismissal of the bill upon the ground that it and its exhibits* state no contract, we must be prepared to hold that, as a matter of law, there is no explanation that can be placed upon the pleading that is consistent with a contract."

We are not required to determine whether or not the agreement can be proven, but rather whether or not the inability to prove the contract because of the requirements of the statute of frauds appears upon the face of the declaration. Because of the overwhelming weight of authority as to communications to third parties, stated in 112 A. L. R. 490, 491, and the holdings in *Cochran* v. *Staman, supra;* and *Badger* v. *Finlayson, supra,* it cannot be said that this defect, if any, appears upon the face of the pleadings.

The order dismissing count 1 should be vacated and the cause should be remanded for further proceedings. Costs to appellant.

BOYLES, J. The order dismissing count 1 of the declaration should be affirmed. In count 1 plaintiff declares on an oral agreement not to be performed within a year and relies on a casual reference to it in a letter to the selective service board, as being a sufficient memorandum to satisfy the statute of frauds. As stated by Mr Justice BUSHNELL, this is the controlling question in the case. I hold that the memorandum is not sufficient.

There is no dispute but that the oral agreement was not to be performed within a year. This brings to bear 3 Comp. Laws 1929, § 13417 (Stat. Ann.

§ 26.922),* the applicable part of which provides as follows:

"In the following cases specified in this section, every agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized, that is to say:

"1. Every agreement that, by its terms, is not to be performed in one year from the making thereof."

The memorandum on which plaintiff relies is a statement in a letter signed by the defendant's president and sent to the selective service board, as follows:

"Recently our company secured the exclusive manufacturing rights of a complete line of industrial and aeronautical high pressure hydraulic pumps from Dr. Elek K. Benedek, consulting engineer, who is a specialist in fluid pressure variable speed pumps and transmissions. Dr. Benedek's office and laboratory is located at 9243 South Oakley Ave., Chicago, Ill."

If this statement does not sufficiently disclose the terms of the alleged agreement, plaintiff cannot recover under count 1. In that event it matters not, for the purposes of this case, that the letter was sent to a third party, not a party in interest. Under the authority quoted by Mr. Justice BUSHNELL from 112 A. L. R. 491:

"Letters, telegrams, or other written communications by a party to a contract to one who is not a party thereto, *which sufficiently disclose the terms of the agreement* and admit it or affirm it, are, ac-

* The amendments by Act No. 238, Pub. Acts 1913, adding No. 5 relative to commissions upon sale of real estate, and by Act No. 261, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 13417, Stat. Ann. 1945 Cum. Supp. § 26.922), adding No. 6 relative to assignments of things in action, have no application to the case at bar.

cording to the great weight of authority, valid memoranda thereof within the requirements of the statute of frauds.''

Does such statement in this letter ''sufficiently disclose the terms of the agreement'' to satisfy the statute? Naturally, we look to plaintiff's allegations in count 1, which under the circumstances of the case are accepted as true, to ascertain what are claimed to be the terms of the alleged agreement.

Count 1 alleges that plaintiff is an experienced engineer, that he was the inventor of various improvements in fluid pressure variable speed pumps and transmissions, pitch propeller hubs and accessories and had various patents in relation thereto; that the defendant had a manufacturing plant; that plaintiff on November 29, 1943, granted the defendant a license to manufacture and sell the aforesaid devices, that the defendant agreed to manufacture and sell said pumps and devices and to pay plaintiff certain royalties with a minimum annual royalty of $10,000 during the life of the patents; that at defendant's request plaintiff gave the defendant an option to purchase all of said patents and pending applications; that the defendant carried out its agreement for only about three months, breached its alleged agreement, wherefore plaintiff claimed $10,000 per year royalties and other damages amounting to $45,000.

The only ''memorandum thereof'' relied on by plaintiff is the statement in defendant's letter to the selective service board that it (the defendant) had ''recently  *  *  *  secured the exclusive manufacturing rights of a complete line of industrial and aeronautical high pressure hydraulic pumps'' from the plaintiff. No mention is made in the memorandum of defendant's agreement to sell, to pay royalties, the option to purchase patent rights, the length of term of the alleged agreement, that it

covered transmissions and hydraulic pitch propeller hubs and accessories as well as high pressure hydraulic pumps. The memorandum is silent as to all the essential terms of the alleged contract claimed by plaintiff in count 1, on which plaintiff relies for recovery under that count.

The identical language now found in the statute of frauds above referred to (3 Comp. Laws 1929, § 13417 [Stat. Ann. § 26.922]) has been in the statute law of this State since 1846 (Rev. Stat. 1846, chap. 81, § 2).* It has remained unchanged in so far as it applies to this case. The court has frequently held that . a memorandum such as relied upon by the plaintiff in this case is not sufficient to validate an oral agreement which would otherwise be void under the statute.

In *Hall* v. *Soule* (1863), 11 Mich. 494, a letter relied upon as the memorandum in writing to validate an otherwise void promise to pay stated (p. 496):

"I think, on the whole, that you will have to rely on my pledge already made, that as soon and fast as I can, I will see that $500 of the demand you hold against Harry is paid; beyond that I do not think myself under obligation."

In holding that this letter was not a sufficient memorandum, the court said (p. 496):

"It is entirely clear from the tenor of this letter that it does not undertake to set forth the terms or conditions of any previous contract, but refers to it as a matter understood."

In *Whipple* v. *Parker* (1874), 29 Mich. 369, the verbal agreement was one not to be performed within one year. The court held that the plaintiff,

---

* Rev. Stat. 1846, chap. 81, § 2; 2 Comp. Laws 1857, § 3183; 2 Comp. Laws 1871, § 4698; 2 How. (1882), § 6185; 3 Comp. Laws 1897, § 9515; 3 Comp. Laws 1915, § 11981; 3 Comp. Laws 1929, § 13417.

having fully performed his part, could recover under the common counts (which is not a question raised in the instant appeal). The court said (pp. 374, 375):

"It has sometimes been said that if the unwritten contract was to be performed on one side within the year, especially if it were even in fact so performed, this takes the contract out of the statute as to both, though the other party was not to perform his part till after that period.—*Donellan* v. *Read,* 3 Barn. & Adol. 899 (110 Eng. Rep. 330); and this has been followed by several cases, both in England and some of the United States, in which it seems to have been intimated that, if the consideration was actually paid by one party, he might maintain an action upon the verbal contract or undertaking of the other party, though that was not to be performed till after the expiration of the year. But I confess my inability to see how the fact of the consideration having been paid down, or within the year, or yet to be paid, affects at all the question whether the defendant's undertaking, contract or promise sued upon, was to be performed within or after the year; or if only to be performed after the expiration of the year, how the action can be maintained against the 'party charged thereby;' or, under our statute, how the contract can be valid and the defendant be 'charged therewith,' unless that portion of the contract, at least, upon which his obligation arises, is in writing. To hold otherwise, would, it seems to me, be a direct and palpable violation of both the letter and purpose of the statute, and a clear disregard of the considerations and policy which led to its enactment. Nor can I see what bearing the question of consideration has upon this particular point, whether the action can be maintained upon the special contract itself.

"But if the contract has been executed by the other party, and he has received the consideration, and accepted its benefit, an action may be main-

tained against him for the benefit thus conferred, the money, property or value thus accepted and appropriated by him; not, however, upon the contract, but upon the appropriate common counts in assumpsit, and upon the duty, promise or obligation springing from the property, money or benefit thus conferred by the plaintiff and received and appropriated by the defendant.     *     *     *

"It is, I think, entirely clear, that as the contract, agreement or promise of the defendant on which he is sought to be charged, was not to be performed till the expiration of the three years, it was void by our statute of frauds, and no action can be maintained upon it."

"In *Palmer* v. *Marquette & Pacific Rolling Mill Co.* (1875), 32 Mich. 274, plaintiff counted upon an oral contract not to be performed within a year and to validate the same relied upon a telegram from the defendants as follows (p. 275):

"*To Dwight Palmer:* You may come on at once at salary of two thousand, conditional only upon satisfactory discharge of business.

(Signed)        "H. A. BURT, *Agent.*"

The court said (p. 275):

"It was this telegram, with the previous negotiations, that the plaintiff relied upon to make out the contract.

"As he had counted upon a contract not to be performed within a year from the time it was made, it was incumbent on the plaintiff to show that the contract, or a memorandum thereof, was reduced to writing and signed by or on behalf of the defendants. And a memorandum, when the contract is not written out, must embrace all its substantial terms (except the consideration.  2 Comp. Laws 1871, § 4702), and cannot be aided by parol evidence when essentially defective. *Hall* v. *Soule,* 11 Mich. 494; *Abell* v.

*Munson,* 18 Mich. 306 (100 Am. Dec. 165). It is impossible to say that the telegram contains all the essential terms of a contract.''

In *Fuller* v. *Rice* (1884), 52 Mich. 435, the court again held that plaintiff might recover under the common counts for valuable services performed for the defendant of which the defendant had reaped the advantage, but indicated that plaintiff could not recover under the agreement itself void under the statute of frauds. The court said (p. 436):

"Special counts in the case were entirely unnecessary, and if the contract was void the plaintiff must recover, if at all, on the common counts.''

Mr. Justice BUSHNELL quotes from and relies on *Cochran* v. *Staman,* 201 Mich. 630, and *Badger* v. *Finlayson,* 219 Mich. 660. Both cases arose under No. 5 of the section of the statute of frauds here under consideration, referring to "every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate.''

The distinction between this requirement (No. 5) and the one here involved is plainly pointed out in these two opinions. In the *Cochran Case* the court said (pp. 639, 640):

"The writing relied upon, in my opinion, is a promise to pay a commission for or upon a sale of real estate. So far as the statute of frauds is concerned, no more is required.   *   *   *

" 'Every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate,' is the language of the statute. There need be no resort to parol evidence in this case to add to what the words of the promise import, if only we confine our attention to what it is that must be in writing in order to satisfy the law.''

In the *Badger Case, supra,* the agreement was in the following form (p. 661):

"February 9, 1916.

"I do hereby agree to pay to Joseph B. Grow, agent, a commission of 2½% for services in disposing of my farm of 80 acres.

"D. G. Finlayson."

The court said (pp. 661, 662):

"In the case of *Cochran* v. *Staman, supra,* the majority opinion held that the writing relied upon was a promise to pay a commission for or upon a sale of real estate, and so far as the statute of frauds was concerned no more was required. Defendant's counsel argue that the agreement should be as definite and certain as though the agreement had been one to purchase real estate. The majority opinion in the case cited holds this is unnecessary. That if the agreement shows a promise to pay a commission upon the sale of real estate the statute is satisfied. * * * It may be reasonable to say that when a written agreement to pay a commission for the sale of real estate is shown, it complies with the demand of the statute without any further proof as to the details of the sale."

See, also, *Jaynes* v. *Petoskey,* 309 Mich. 32.

These cases arose under No. 5 of the act, which only requires that the agreement or promise *to pay the commission* be in writing. The distinction between the requirements of No. 5, and other parts of the act, is apparent from the above cases.

The instant case comes within the language used by the court in *Wagner-White Co.* v. *Holland Cooperative Ass'n* (1923), 222 Mich. 58. In that case the memorandum relied upon by the plaintiff to validate the previous oral agreement was even more specific than the one in the case now before us. It was (p. 60):

"Please cancel our order dated July 21st for two 30-ton cars, 36% cottonseed meal."

This case arose under the provision in the statute of frauds that a contract to sell goods or choses in action of the value of $100 or upwards shall not be enforceable unless there is part acceptance, part payment, or "unless some note or memorandum in writing of the contract or sale be signed by the party to be charged, or his agent in that behalf." 2 Comp. Laws 1929, § 9443 (Stat. Ann. § 19.244).

In holding that the memorandum was not sufficient to validate the oral order for the two cars of cottonseed meal, the court said (pp. 60–62):

"The sole question is whether the note or memorandum is sufficient to satisfy the statute. This court, quite early in its history, declared that a memorandum to be sufficient under the statute of frauds must be complete in itself and leave nothing to rest in parol. *Hall* v. *Soule,* 11 Mich. 494; *James* v. *Muir,* 33 Mich. 223; *McElroy* v. *Buck,* 35 Mich. 434; *Gault* v. *Stormont,* 51 Mich. 636; *Paul* v. *Graham,* 193 Mich. 447; *Sheley* v. *Whitman,* 67 Mich. 397.

"In the last case cited the situation appears to be quite similar to that in the present case.  *  *  *  Chief Justice CAMPBELL, in considering the case, said in part:

" 'If a verbal contract was valid defendant made one. But here the purchaser never accepted or received any article. He never paid anything. The letter, which is the only writing, does not show what the contract was. It conveys no information except by reference to the verbal agreement, and has none of the requisites of a definite agreement. It comes within the principle of *James* v. *Muir,* 33 Mich. 223, and of cases decided since, some of which are referred to in the notes of the last edition. The case

is so plain that it need not be dwelled upon. The judgment must be reversed.'

"This holding is in accord with the rule of construction stated in Cyc.:

" 'Accordingly if an oral contract falling within the scope of the statute has terms not stated in the memorandum, or if the memorandum contains a reference to such terms or imports their existence by fair inference without clearly stating them, or if the memorandum merely refers to the contract without stating its terms, the case falls within the statute.' 20 Cyc. p. 258."

In the case now before us, the reference in the letter of the defendant company to the selective service board, that it *had secured* from Dr. Benedek the exclusive manufacturing rights of a complete line of high pressure hydraulic pumps, indicates a *completed* contract. There is no indication that the defendant company had secured such manufacturing rights by an agreement to manufacture and sell, and a promise to pay annual royalties for the use of certain patents. The letter does not even indicate that the defendant company *had agreed to manufacture and sell* such devices. It merely stated that the defendant had secured manufacturing rights.

In *Dodge* v. *Blood,* 299 Mich. 364 (138 A. L. R. 322), the court said (pp. 369, 370):

"Plaintiff relies on exhibit 'A' as a sufficient memorandum signed by First of Michigan Corporation, as agent for defendant Blood, the party herein sought to be charged, to take the contract evidenced thereby out of the statute. * * *

"Defendant contends that exhibit 'A' is insufficient as a memorandum because it does not identify him as the vendor. It is well settled that a memorandum is insufficient if it fails to state any element essential to the contract it purports to evidence, and

concededly a vendor is indispensable in a contract of sale.''

In the instant case no reference is made in the memorandum to consideration for the claimed oral agreement. Appellant argues that no consideration need be expressed in the memorandum, and in that contention he is correct. If this were the only deficiency in the memorandum, and if it otherwise sufficiently expressed the essential elements and terms of the contract, the omission of a reference to the consideration would not destroy its effect. Section 6 of chapter 81 of the Revised Statutes of 1846, continued in effect in the law to the present time (3 Comp. Laws 1929, § 13420 [Stat. Ann. § 26.925]), expressly provides that the consideration need not be expressed in the written agreement, or in any note or memorandum thereof. However, the failure to express consideration, in the memorandum here in question, is only one of many omissions in the memorandum, referring to essential terms of the oral contract which are requisite to the validity or effectiveness of the memorandum.

In connection with the above reference to consideration, some confusion seems to result from the fact that the provision of the statute last above referred to (3 Comp. Laws 1929, § 13420 [Stat. Ann. § 26.925]) also is expressed in 3 Comp. Laws 1929, § 13414 (Stat. Ann. § 26.909). Examination of the statute law readily dispels the confusion. This provision (referring to consideration) has been carried down through the years since 1846 as a part of chapter 80, Revised Statutes 1846, which chapter applies to fraudulent conveyances and contracts relative to lands (3 Comp. Laws 1929, §§ 13406–13415 [Stat. Ann. §§ 26.901–26.910]). Likewise, this provision has been carried down as a part of chapter

81, Revised Statutes 1846, which chapter applies to fraudulent conveyances and contracts relative to goods, chattels and things in action (3 Comp. Laws 1929, §§ 13416–13430 [Stat. Ann. §§ 26.921–26.935]). In the decided cases referred to by counsel in their briefs, it is apparent that these decisions are equally applicable to both sections of the statute law brought down from chapter 80 and chapter 81 of the Revised Statutes of 1846.

Similarly, corresponding provisions are found in both chapter 80 and chapter 81 of the Revised Statutes of 1846, with reference to the requirement that the contract, or some note or memorandum thereof, be in writing and signed by the party to be charged, or by some person thereunto by him lawfully authorized in writing. The provision in section 8, chapter 80, referring to contracts and conveyances relative to sale of lands or leasing for longer than one year, is found in 3 Comp. Laws 1929, § 13413 (Stat. Ann. § 26.908).* A similar provision in section 2, chapter 81, Revised Statutes 1846, in regard to conveyances and contracts relative to goods, chattels and things in action, is now found in 3 Comp. Laws 1929, § 13417 (Stat. Ann. § 26.922). While it is the latter provision that is directly applicable to the instant case, both sections are substantially the same, and decisions under one section apply equally to a similar question arising under the other. The material part of 3 Comp. Laws 1929, § 13413 (Stat. Ann. § 26.908), reads as follows:

"Every contract for the leasing for a longer period than one year, or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof be

* Rev. Stat. 1846, chap. 80, § 8; 2 Comp. Laws 1857, § 3179; 2 Comp. Laws 1871, § 4694; 2 How. (1882) § 6181; 3 Comp. Laws 1897, § 9511; 3 Comp. Laws 1915, § 11977; 3 Comp. Laws 1929, § 13413.

in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized in writing.''

For comparison, we again quote the applicable part of the provision in 3 Comp. Laws 1929, § 13417 (Stat. Ann. § 26.922), which is as follows:

''In the following cases specified in this section, every agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized, that is to say:
''1. Every agreement that, by its terms, is not to be performed in one year from the making thereof.''

Under the first of the above-quoted provisions, the court has said:

''There was not enough of this agreement to constitute a contract for the sale of lands. It was insufficient to answer the requirements of the statute of frauds. It did not specify the purchase price, and failed to express the time or times of payment. Under the decisions of this court, such a contract must be complete in itself, and leave nothing to rest in parol. *Hall* v. *Soule,* 11 Mich. 494; *James* v. *Muir,* 33 Mich. 223; *McElroy* v. *Buck,* 35 Mich. 434; *Gault* v. *Stormont,* 51 Mich. 636.'' *Webster* v. *Brown,* 67 Mich. 328, 331.

''Complainants filed their bill of complaint to enforce the specific performance of the following written option:
'' 'Pontiac, Mich., Apr. 21, 1910.
'' 'For and in consideration of the sum of one dollar, I hereby give to Hilberg & Doerr an option on building and lot known as No. 20 South Saginaw St., Pontiac, Mich., for a period of sixty days. Pur-

chase price to be five thousand five hundred dollars. Int. 5% easy terms.

"'Charles H. Greer.'    *    *    *

"The only question in the case to be determined is whether this option given by defendant Greer is sufficient to satisfy the requirements of the statute of frauds.    *    *    *

"The infirmity of the writing, if any, depends upon its construction as to the time and terms of payment of the purchase price of the premises. The statute provides:

"'Every contract    *    *    *    for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof, be in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized by writing.' 3 Comp. Laws [1897], § 9511.

"The question of the sufficiency of such writings has been frequently before this court.    *    *    *

"As to the length of time and the amounts of the payments—whether in one sum or in different amounts—the writing is absolutely silent. The words 'easy terms' have no well-defined and accepted meaning, but are absolutely indefinite. *    *    *

"The decree of the circuit court (sustaining the demurrer to the bill of complaint) is affirmed, with costs." *Hilberg* v. *Greer,* 172 Mich. 505–508.

"It has been held by this court that a memorandum, to be sufficient under the section involved (3 Comp. Laws 1915, § 11975 *), must be complete in itself, and leave nothing to rest in parol. *Gault* v. *Stormont,* 51 Mich. 636. And that it must be certain and definite as to the parties, property, consideration, premises, and time of performance. *Rosenbaum* v. *Tyszka,* 192 Mich. 457. The present option appears to be sufficiently certain and definite as to

---

* See 3 Comp. Laws 1929, § 13411 (Stat. Ann. § 26.906).—Reporter.

the parties, consideration, terms and time of performance, but not as to the property which was to be conveyed. * * * We must, therefore, conclude that the option, considered by itself, was not sufficiently definite and certain to satisfy the statute. *Droppers* v. *Marshall,* 206 Mich. 560.'' *Cooper* v. *Pierson,* 212 Mich. 657, 660.

''A memorandum of agreement for the sale of a lot, in the form of a receipt, in which no State, county, city, or village is given, in describing the lot, is insufficient, under the statute of frauds.'' *Klasky* v. *Burkheiser* (syllabus), 225 Mich. 121.

In *Windiate* v. *Leland,* 246 Mich. 659, one John Windiate gave a receipt to one Frank Tyack as follows (p. 661):

''$200.00

''Pontiac, Michigan,
''July 21, 1920.

''Received from Frank Tyack, two hundred and no-100 dollars to apply on the purchase price of land at Silver Lake, payment to begin November 1, 1920; purchase price agreed on eight thousand dollars.

''JOHN WINDIATE,
''Per L. M. EATON.''

The court said (p. 666):

''In order to satisfy the statute of frauds, the memorandum must be complete in itself and leave nothing to rest in parol. The receipt given by John Windiate to Tyack does not comply with this requirement. *Gault* v. *Stormont,* 51 Mich. 636; *Webster* v. *Brown,* 67 Mich. 328; *Hilberg* v. *Greer,* 172 Mich. 505; *Ebert* v. *Cullen,* 165 Mich. 75 (33 L.R.A. [N.S.] 84); *Rosenbaum* v. *Tyszka,* 192 Mich. 457; *Holland* v. *Holland,* 195 Mich. 513.''

Count 1 of the declaration in the instant case relies solely on the memorandum in question, at-

tached to it as exhibit A, to satisfy the requirement of the statute of frauds, and to allow plaintiff to recover royalties and other damages under the claimed oral agreement. The memorandum, exhibit A, does not satisfy the statute, the defect is apparent on the face of the declaration, and count 1 does not state a cause of action. As hereinbefore stated, this does not affect plaintiff's rights under the second and third counts, under which plaintiff claims the right to recover for having performed his part of the oral contract.

Affirmed, with costs.

BUTZEL, C. J., and CARR, SHARPE, REID, NORTH, and STARR, JJ., concurred with BOYLES, J.